UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Government Employees Insurance Co. *et al.*,

                              Plaintiffs,

     v.

Mikhail Strut, M.D. *et al.*,

                              Defendants.

**Decision and Order**

19-CV-728 (JLS)

---

      This case concerns allegations that plaintiffs have paid millions of dollars since 2017 to defendants for no-fault medical services that were medically unnecessary, badly exaggerated, or outright fabricated. On July 10, 2019, defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 14.) On August 15, 2019, plaintiffs filed a motion to stay existing no-fault collection proceedings and to enjoin commencement of new collection proceedings. (Dkt. No. 21.) On November 26, 2019, the Court issued a Report and Recommendation that recommended granting plaintiffs' motion and denying defendants' motion. (Dkt. No. 30.) Objections to the Report and Recommendation currently are pending.

      While the parties' motions and objections have been pending, plaintiffs have been eager to commence discovery. On November 7, 2019, plaintiffs asked the Court to direct the parties to confer under Rule 26(f); and to set a scheduling conference. (Dkt. No. 28.) The Court denied the request without prejudice because it did not want to address scheduling before issuing its Report and Recommendation. (Dkt. No. 29.) Plaintiffs renewed their request for a scheduling conference on March 2, 2020. (Dkt. No. 37.) The Court held a status conference on March 4, 2020; the Court gave the parties two weeks to file a joint letter summarizing what discovery they might be willing to conduct while their motions and objections were pending. (Dkt. No. 39.) The parties now have

filed their joint letter. (Dkt. No. 41.) In short, plaintiffs propose limited discovery in the form of interrogatories and document requests to the named defendants, along with non-party subpoenas for bank records. Plaintiffs note that defendants have not moved for a stay of discovery. Defendants are reluctant even to hold a Rule 26(f) conference because, reflecting the language of Rule 26(f)(2), the parties cannot "consider the nature and basis of their claims and defenses" until they know which claims will survive the pending motions and which defenses would fit the surviving claims. Defendants prefer not to conduct any discovery until resolution of the parties' motions and objections. In defendants' view, dismissal of the entire complaint remains a possibility, and conducting discovery for potentially dismissed claims would be a waste of time and resources.

"While discovery may in a proper case be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." *Usov v. Lazar*, No. 13 CIV. 818 RWS, 2013 WL 3199652, at *8 (S.D.N.Y. June 25, 2013) (internal quotation marks and citations omitted); *see also Nowlin v. 2 Jane Doe Female Rochester New York Police Officers*, No. 11CV712S, 2013 WL 3897504, at *3 (W.D.N.Y. July 29, 2013) ("The filing of a dispositive motion, such as one for judgment on the pleadings or to dismiss, generally does not automatically stay discovery.") (Internal quotation marks and citation omitted). Defendants have not yet answered the complaint, but "[t]he filing of a motion to dismiss is a permissible way to 'respond' to a complaint, and, therefore, no answer is currently due." *Othon v. Wesleyan Univ.*, No. 3:18CV00958(KAD), 2019 WL 2357582, at *6 (D. Conn. June 4, 2019) (citations omitted), *objections overruled*, No. 3:18-CV-00958 (KAD), 2019 WL 3051327 (D. Conn. July 12, 2019). The discovery rules do not appear to require an answer before discovery can begin, and defendants have not shown otherwise. *See Moran v. Flaherty*, No. 92 CIV. 3200 (PKL), 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("While it is clear that Fed. R. Civ. P. 26(c) provides authority for the Court to issue a stay of discovery pending the resolution of

2

dispositive motions, the issuance of a stay is not mandated by rule or decision . . . . [D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.") (citation omitted). Defendants have expressed no other opposition to discovery beyond what is effectively a concern about proportionality: How much discovery should they be expected to conduct when, officially, the case still could be dismissed in its entirety?

Defendants' not-unreasonable concern about proportionality and their decision—so far—not to seek a stay together call for a measured approach. The Court will allow discovery to begin as it pertains to the named parties. On or before April 30, 2020, the parties will complete initial disclosures as required by Rule 26(a). On or before May 20, 2020, interrogatories under Rule 33 and document requests under Rule 34 may be served on any named party. If the motions and objections have not been ultimately adjudicated by late May then the parties will file a joint status report in the first week of June 2020.

Meanwhile, if defendants change course and decide to seek a stay then they should seek one from the District Judge, who is in a better position to assess the merits of the pending objections.

SO ORDERED.

                                             __/s Hugh B. Scott_____
                                             Hon. Hugh B. Scott
                                             United States Magistrate Judge

DATED: March 19, 2020