UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Government Employees Insurance Co.,
et al.,

        Plaintiffs,

    v.                                          19-cv-728 (JLS)

Mikhail Strut, M.D., et al.,

        Defendants.

---

## **DECISION AND ORDER**

On June 4, 2019, Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., and GEICO Casualty Co. commenced this action against Defendants Mikhail Strut, M.D., Res Physical Medicine & Rehabilitation Services, P.C., and Cheryle Hart, M.D. Dkt. 1. Plaintiffs assert several claims for damages, including civil RICO claims, a common law fraud claim, and an unjust enrichment claim. *Id.* ¶¶ 326-52. Plaintiffs also seek a declaration that Defendant Res has no right to receive payment for any pending claims submitted to Plaintiffs. Dkt. ¶¶ 319-25.

Defendants moved to dismiss the complaint. Dkt. 14. Thereafter, this Court[1] referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 15. After the case was referred to Judge Scott, Plaintiffs moved for a preliminary injunction and a stay,

---

[1] This case was originally assigned to Hon. Lawrence J. Vilardo, who entered the referral order. The case was transferred to the undersigned on January 5, 2020. Dkt. 34.

seeking an order enjoining Defendants from commencing new no-fault arbitrations and litigation against Plaintiffs and staying no-fault arbitrations currently pending against Plaintiffs, respectively. Dkt. 21. Plaintiffs opposed Defendants' motion to dismiss (Dkt. 20), and Defendants replied (Dkt. 23). Defendants opposed Plaintiffs' motion for a preliminary injunction and a stay (Dkt. 26), and Plaintiffs replied (Dkt. 27).

On November 26, 2019, Judge Scott issued a Report and Recommendation ("R&R") on both motions, recommending that the Court: (1) deny Defendants' motion to dismiss; and (2) grant Plaintiffs' motion for a preliminary injunction and a stay, upon Plaintiffs posting $500,000 security. Dkt. 30. Defendants objected to both the motion to dismiss and the preliminary injunction portions of the R&R. Dkt. 33. Plaintiffs responded to the objections (Dkt. 35), and Defendants replied (Dkt. 36). Plaintiffs did not object to the R&R. On April 8, 2020, this Court heard argument on Defendants' objections.[2]

## **LEGAL STANDARD**

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[2] Argument was telephonic, as a result of the COVID-19 pandemic and the resulting state of emergency declarations and general orders issued by Chief Judge Geraci.

**DISCUSSION**

This Court has carefully reviewed the R&R, the record in this case, the objections and responses, the materials submitted by the parties, and the arguments of counsel on April 8, 2020. Based on that *de novo* review, the Court accepts and adopts Judge Scott's recommendation to deny Defendants' motion to dismiss and to grant Plaintiffs' motion for a preliminary injunction and a stay.

I. **Defendants' Motion to Dismiss.**

Defendants assert three primary objections to Judge Scott's recommendation that this Court deny their motion to dismiss.

First, they argue that Plaintiffs did not plead the reliance necessary to support Plaintiffs' RICO and fraud claims. *See* Dkt. 33, at 18.[3] According to Defendants, Plaintiffs' reliance on verifications submitted by Defendants pursuant to New York's no-fault scheme could not have been reasonable because Plaintiffs already investigated Defendants' verifications in connection with a prior civil lawsuit between the parties that involved similar claims. *See id.* But "[r]eliance is not a matter appropriately decided on a motion to dismiss." *Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C.*, No. 05-5934, 2009 WL 3245388, at *5 (E.D.N.Y. Sept. 30, 2009).[4] Moreover, the verifications underlying this lawsuit

---

[3] Page references are to the numbering that appears in the footers of the parties' briefs and not the page numbering automatically generated by CM/ECF.

[4] *See also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, No. 04-CV-5045, 2008 WL 4146190, at *9 (E.D.N.Y. Sept. 5, 2008) ("Issues of reasonable reliance should not be resolved at this [motion to dismiss] stage."); *AIU Ins. Co. v. Olmecs Med. Supply, Inc.*, No. CV-04-2934, 2005 WL 3710370, at *14 (E.D.N.Y. Feb. 22,

3

arose after the parties settled the prior lawsuit and, therefore, were not investigated by Plaintiffs in connection with that lawsuit.

Second, Defendants argue that the complaint does not state plausible claims for relief because Plaintiffs cite boilerplate examples. *See* Dkt. 33, at 19-20. This argument is not persuasive. The complaint includes numerous examples to support each of Plaintiffs' fraud theories, citing specific patients, accident dates, and treatment dates. *See, e.g.*, Dkt. 1 ¶¶ 76, 91, 100, 115, 123, 176, 186, 191, 219, 274, 282. Plaintiffs allege more than enough detail to state plausible claims.

Third, Defendants argue that the complaint improperly seeks to circumvent New York's no-fault scheme in favor of resolving Plaintiffs' claims in federal court. *See* Dkt. 33, at 20-21. But the law is clear that Plaintiffs may maintain RICO and fraud claims in federal court, notwithstanding New York's no-fault scheme, because the no-fault scheme is ill-equipped to handle claims involving systemic fraud. *See Allstate Ins. Co. v. Mun*, 751 F.3d 94, 99 (2d Cir. 2014). Plaintiffs' claims are based on a pattern of fraud, which must be viewed in the aggregate—something that the no-fault scheme does not allow for. Their claims are properly before this Court.

For these reasons and those stated in the R&R, the Court accepts and adopts Judge Scott's recommendation and denies Defendants' motion to dismiss.

---

2005) ("The defendants' . . . claim that any reliance by the plaintiffs was unreasonable is a question of fact and not one to be resolved on a motion to dismiss.").

## II. **Plaintiffs' Motion for Preliminary Injunction.**

Defendants make several objections to Judge Scott's recommendation that the Court grant Plaintiffs' motion for a preliminary injunction and a stay. The objections distill to three principal arguments: (1) Plaintiffs did not carry their burden of establishing that they are entitled to a preliminary injunction and a stay; (2) Plaintiffs may not seek interim relief from this Court without first availing themselves of the no-fault process;[5] and (3) $500,000 is insufficient security. *See* Dkt. 33, at 6-17.

Defendants argue that Plaintiffs fail to satisfy the criteria for obtaining a preliminary injunction and a stay[6]—a sufficiently serious question regarding the merits of Plaintiffs' claims, a balance of equities that tips decidedly in Plaintiffs' favor, and irreparable harm. As set forth above, the complaint survives Defendants' motion to dismiss. For at least that reason, the complaint presents sufficiently serious questions about the merits to make them fair ground for litigation. In addition, Plaintiffs submitted a declaration from a claims manager. Dkt. 21-2. Defendants' expert declaration does not negate the serious questions raised by the

---

[5] As explained above, the no-fault process is not equipped to handle plaintiffs' RICO and fraud claims. Defendants cite no authority for their argument that Plaintiffs must present their claims in the no-fault process before seeking relief from this Court. *See* Dkt. 33, at 14-15; Dkt. 36, at 12-13.

[6] The stay and preliminary injunction portions of Plaintiffs' motion are analyzed under the traditional preliminary injunction standard. *See Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, No. 19-CV-4414, 2020 WL 249020, at *4 (E.D.N.Y. Jan. 16, 2020).

5

pleadings because it speaks in generalities and does not dispute the patient-by-patient examples in the complaint. *See* Dkt. 26-3.

The balance of equities tips decidedly in favor of Plaintiffs. As other courts have held when presented with similar facts, it is "more efficient and beneficial for Defendants if all of their claims are resolved in one action, rather than in hundreds of different proceedings," and "if Defendants prevail in this action, they are entitled to statutory interest on their unpaid claims." *Gov't Emps. Ins. Co. v. Mayzenberg*, No. 17-CV-2802, 2018 WL 6031156, at *7 (E.D.N.Y. Nov. 16, 2018); *see also State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215, 234-35 (E.D.N.Y. 2018) (holding that balance of equities favored Plaintiff because "at worst, Defendants' recovery of the no-fault benefits to which they are entitled will be delayed; all Defendants can hope for in pursuing their parallel state lawsuits and arbitrations is to accelerate their receipt of benefits to which they are already entitled").[7]

Likewise, numerous courts in the Second Circuit have held that risk of inconsistent judgments in no-fault arbitrations and RICO- and fraud-based litigation in federal court constitutes irreparable harm. *See, e.g.*, *Mayzenberg*, 2018 WL 6031156, at *5 ("The concern is that allowing over 180 arbitrations to be heard

---

[7] Like Judge Scott, this Court declines Defendants' invitation to stay this case until the Second Circuit decides *Parisien* because the issues before the Second Circuit—whether a district court may stay parallel *state court* actions—are not presented here. *See Parisien*, 352 F. Supp. 3d at 220 (noting that plaintiff sought "three branches" of temporary relief, including "1. an order staying lawsuits brought by Defendants against Plaintiffs to collect no-fault benefits and which are currently pending in New York state court," and that "the first branch . . . raise[d] the most significant legal and policy questions, not only for New York's no-fault scheme, but for our ever-evolving jurisprudence on the scope of the Anti-Injunction Act").

6

by a mix of arbitrators, each of whom will likely come to their own independent and contradictory conclusions that may be rendered ineffective by this Court, will result in harm to GEICO from which it cannot recover."); *see also Wellmart*, 2020 WL 49020, at \*4-\*7 (engaging in detailed irreparable harm analysis, including examining *Mayzenberg* and other similar cases, and concluding that the risk of inconsistent judgments constituted irreparable harm). Summary order or not, *Allstate Insurance Company v. Harvey Family Chiropractic*, 677 F. App'x 716 (2d Cir. 2017), does not alter the analysis because it does not address the risk of inconsistent judgments. *Id.* at 718.[8]

Finally, Defendants object to the $500,000 security recommended by Judge Scott and ask the Court to impose a higher amount of security if it grants Plaintiffs' motion. *See* Dkt. 33, at 16-17. This Court agrees that $500,000 security is sufficient to protect Defendants' interests should they prevail in this action, considering the low risk that Plaintiffs will be unable to satisfy a judgment against them and that Defendants are entitled to significant interest on their no-fault claims if they prevail. Indeed, some courts have declined to require security under circumstances similar to those presented here. *See Mayzenberg*, 2018 WL 6031156, at \*10 (waiving Rule 65(c)'s security requirement because (1) the case involved New

---

[8] Defendants argue that the R&R should have addressed the impact a preliminary injunction and a stay would have on the public interest. Dkt. 33, at 16. The Court does not agree that it must consider the public interest here. *See Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183-84 (2d Cir. 2019). In any event, on balance, this factor is neutral. *See Mayzenberg*, 2018 WL 6031156, at \*10 (noting the public interest in both enforcement of New York's no-fault scheme and preventing fraud on the healthcare system).

York's no-fault law, which was "designed to protect accident victims regardless of fault by enabling them to obtain necessary medical attention without concern of the ability to pay," (2) "[p]reventing fraud on our health care system is . . . in the public's interest," and (3) "a preliminary injunction w[ould] not result in any prejudice to Defendants and would actually benefit them if all of their claims are decided in one proceeding)."

For these reasons and those stated in the R&R, the Court accepts and adopts Judge Scott's recommendation and grants Plaintiffs' motion for preliminary injunction and to stay.

### III. Referral to Mediation.

In addition, the Court orders the parties to participate in mediation. The parties shall file a stipulation selecting a mediator by **May 7, 2020**. *See* W.D.N.Y. ADR Plan § 5.5. And the parties shall hold the initial mediation session by **June 25, 2020**. *See id.* § 4.3(A). The Court defers to Judge Scott for managing discovery, in his discretion, during the mediation process.

## CONCLUSION

For the reasons stated above and those stated in the R&R, the Court DENIES Defendants' motion to dismiss (Dkt. 14) and GRANTS Plaintiffs' motion for a preliminary injunction and a stay (Dkt. 21).

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs shall deposit $500,000 security with the Clerk of Court; and it is further

ORDERED that, upon Plaintiffs' deposit of security, all pending no-fault insurance collection arbitrations commenced by Defendants against Plaintiffs shall be stayed pending the disposition of Plaintiffs' claims in this action; and it is further

ORDERED that, upon Plaintiffs' deposit of security, Defendants, and any person or entity acting on Defendants' behalf, shall be enjoined from commencing any no-fault insurance collection arbitrations or no-fault insurance collection litigation against Plaintiffs pending the disposition of Plaintiffs' claims in this action; and it is further

ORDERED that the parties participate in mediation, consistent with the deadlines set forth above.

The Court refers this case back to Judge Scott for further proceedings, consistent with the prior referral order (Dkt. 15).

SO ORDERED.

Dated:      April 9, 2020
              Buffalo, New York

                                          s/John L. Sinatra, Jr.
                                          JOHN L. SINATRA, JR.
                                          UNITED STATES DISTRICT JUDGE