UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and
GEICO CASUALTY CO.,

**DECLARATION OF**
**COLIN M. KNOER, ESQ.**

　　　　　　　　　　　　　　Plaintiffs,

Docket No.: 1:19-cv-00728 (LJV)

　　-against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL
STRUTSOVSKIY, M.D., RES PHYSICAL
MEDICINE & REHABILITATION SERVICES, P.C.,
and CHERYLE HART, M.D.

　　　　　　　　　　　　　　Defendants.

---

　　　　Colin M. Knoer, Esq., an attorney at law, duly licensed to practice in the State of New York, admitted to practice in the United States District Court for the Western District of New York, a member of The Knoer Group, PLLC, attorneys for Defendants MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUTSOVSKIY, M.D. ("Strut"), RES PHYSICAL MEDICINE & REHABILITATION SERVICES, P.C. ("RES"), and CHERYLE HART, M.D. ("Hart") (collectively, "Defendants") affirms under penalty of perjury as follows:

　　　　1.　　I am fully familiar with the facts and circumstances surrounding this matter.

　　　　2.　　I make this Declaration in support of Defendants' Motion to Compel full and proper responses from Plaintiffs to Defendants' First Request for Production of Documents, Defendant Strut's First Set of Interrogatories to Plaintiffs, Defendant Hart's First Set of Interrogatories to Plaintiffs, and Defendant RES's First Set of Interrogatories to Defendants ("Defendants' Discovery Demands").

3.      Defendants have undertaken sincere attempts to resolve the discovery dispute between Plaintiffs and Defendants.

4.      Defendants' Discovery Demands were served on May 30, 2020 via email. [Ex. A].

5.      Defendants granted an extension of the time to respond as a courtesy. Plaintiffs served written responses to Defendants' Discovery Demands on July 15, 2020. [Ex. B; Ex. C; Ex. D; Ex. E].

6.      The parties participated in a conference call on August 20, 2020 with participation from Plaintiffs' attorneys Max Gershenoff, Esq. and Joshua D. Smith, Esq., and myself and co-counsel Robert E. Knoer, Esq. for the Defendants.

7.      During that conference call we discussed certain objections to the written responses, including Plaintiffs' reliance on reference to business records in response to interrogatories, the contents of the SIU records and claims files Plaintiffs intended to produce, Plaintiffs' "contention interrogatories" objections, and Plaintiffs' assertion of expert privilege.

8.      We also discussed a timeline for Plaintiffs to begin production of responsive documents. Plaintiffs' counsel indicated that documents would be produced in mid-September.

9.      Plaintiffs produced documents via digital file transfer on a rolling basis from September 15, 2020 through September 21, 2020.

10.     Plaintiffs produced 1,267,492 pages of responsive documents, consisting mainly of PDF files of scanned pages, divided into three main subgroups: "SIU Files" (referring to the Special Investigations Unit), "Claims Files," and records of payments made to Defendants.

11.     Defendants have worked to organize and review these documents. Much of the work involved has been to attempt to combine multiple PDF files regarding the same patient or

claim number into larger documents and apply an optical character recognition ("OCR") on those combined files to make them text-searchable.

12. Based on the documents produced by Defendants, there are 925 GEICO patients who were treated by Defendants during the relevant period. This is consistent with Plaintiffs' records.

13. Review of the SIU Files revealed that they are related to an investigation by Plaintiffs into Defendants in 2016, prior to the relevant dates involved in this litigation, and did not address any of the claims that are the subject of Plaintiffs' Complaint.

14. Review of a random sampling of Claims Files, organized by patient and/or claim, indicates that documents within the Claims Files can generally be sorted into the following categories: (i) claims submitted by medical providers, including Defendants, (ii) medical records created by those providers, (iii) correspondence from GEICO to patients and patients' attorneys, including explanations of benefits, denials of claims, and requests for information, (iv) correspondence to providers, including denials of claims and requests for information, (v) correspondence from patients' attorneys to GEICO, (vi) police reports, and (vii) independent medical examination reports. Not every patient and/or claim includes documents from every category.

15. Review of the Claims Files has also identified 15 audio files which appear to be recordings of accident witness interviews performed by GEICO employees.

16. Review of a random sampling of Claims Files, organized by patient and/or claim, has uncovered no allegations, investigations, or reports of fraud, or any indication of any specific document or documents form the basis for the Complaint. The Claims Files do include the names of claims managers who signed correspondence regarding each patient and/or claim.

17. Review of the Claims Files is ongoing. Progress has been slow due to the number of pages involved and the initial need to attempt to combine and text-recognize the documents to make review of such a large number of pages efficient.

18. Review of the documents revealed additional issues with Plaintiffs' responses, including those interrogatory responses relying on Rule 33(d), or otherwise confirmed or amplified Defendants' concerns about the responses.

19. The parties participated in a videoconference on October 9, 2020 at 3:00 P.M. with participation from Plaintiffs' attorneys Max Gershenoff, Esq. and Joshua D. Smith, Esq., and myself and co-counsel Robert E. Knoer, Esq. for the Defendants. [*See* Ex. F]

20. During that call we discussed the sufficiency of the documents produced, the relevance of Plaintiffs' "claims manual," continued concerns with Plaintiffs' reliance on business records in response to interrogatories, the proposed stipulation between the parties as to the scope of the privilege log, and the need to extend the discovery schedule and to file discovery motions.

21. On October 30, 2020 Plaintiffs produced additional documents by digital file transfer, bringing the total bates numbered pages to 1,270,449.

22. Defendants followed with a letter dated November 3, 2020 which laid out in detail all unresolved objections to Plaintiffs' responses and provided a legal and factual basis for such objections. [Ex. G]

23. Plaintiffs responded to that letter by email on November 4, 2020 which resulted in resolution of some but not all of those objections. [Ex. H]

24. As of the date of this Declaration, Plaintiffs have not resolved the outstanding issues.

Dated: Buffalo, New York
November 6, 2020

s/Colin M. Knoer
Colin M. Knoer, Esq.
Robert E. Knoer, Esq.
THE KNOER GROUP, PLLC
*Attorneys for Defendants*
424 Main Street, Suite 1820
Buffalo, New York 14202
Phone: (716) 332-0032
Fax: (716) 362-8748
cknoer@knoergroup.com
rknoer@knoergroup.com

TO:   Barry I. Levy, Esq.
Ryan Goldberg, Esq.
Max Gershenoff, Esq.
Joshua D. Smith, Esq.
RIVKIN RADLER LLP
*Attorneys for Plaintiffs*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
barry.levy@rivkin.com
ryan.goldberg@rivkin.com
max.gershenoff@rivkin.com
joshua.smith@rivkin.com