# Exhibit A

Defendants' Discovery Demands

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and
GEICO CASUALTY CO.,

                              Plaintiffs,          Docket No.: 1:19-cv-00728 (LJV)

        -against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL
STRUTSOVSKIY, M.D., RES PHYSICAL
MEDICINE & REHABILITATION SERVICES, P.C.,
and CHERYLE HART, M.D.

                              Defendants.

---

## DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil

Procedure and the Local Civil Rules of the District Court for the Western District of New York

("Local Rules"), MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUSOVSKIY, M.D., RES

PHYSICAL MEDICINE & REHAB SERVICES, P.C., and CHERYLE HART, M.D.

(collectively, "Defendants"), by and through their attorneys The Knoer Group, PLLC, request that

Plaintiffs GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO.,

GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO. (collectively,

"GEICO" or "Plaintiffs"), produce for inspection and copying all documents and things requested

herein, at the offices of The Knoer Group, PLLC, 424 Main Street, Suite 1820, Buffalo, New York

14202, within the time specified by the Federal Rules of Civil Procedure. **PLEASE TAKE**

**NOTICE THAT ANY FAILURE TO SERVE TIMELY WRITTEN RESPONSES IN**

ACCORDANCE WITH RULE 34 SHALL CONSTITUTE WAIVER OF ANY OBJECTION TO THESE REQUESTS FOR PRODUCTION OF DOCUMENTS.

## DEFINITIONS

These document requests incorporate Local Rule 26(c) Uniform Definitions for all Discovery Requests and the definitions set forth below:

1.      "Plaintiffs" or "GEICO" means Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf.

2.      "Defendants" means RES Physical Rehabilitation Services, P.C., Mikhail Strut, M.D., and Cheryle Hart, M.D., or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf.

3.       "Correspondence" means hard copy letters, emails, text messages, social media messages, instant messages, chat program messages, recordings of videoconferences, recordings of phone calls, recordings of in-person discussions, and memoranda, notes, or other written documentation of any oral discussion or conversation.

## INSTRUCTIONS

1.      Each document produced pursuant to this request must be produced as it is kept in the usual course of business or must be organized and identified in such production by the paragraph number with respect to which it is produced.

2

2.     In the event that a document called for by this request has been destroyed, lost, discarded or otherwise disposed of, any such document is to be identified as completely as possible including without limitation the following information: author(s); recipient(s); sender(s); subject matter; date prepared or received; date of disposal; manner of disposal; reason for disposal; person(s) having knowledge of the disposal; and person(s) disposing of the document.

3.     Where a claim of privilege is asserted in objecting to the production of any document, the person asserting the privilege shall identify the nature of the privilege which is being claimed and, if the privilege is governed by state law, state the privilege rule being invoked, and: a) the type of document, e.g., letter or memorandum; b) the general subject matter of the document; c) the date of the document; and d) such other information as is sufficient to identify the document for a *subpoena duces tecum*, including, the author of the document, the addressees of the document and any other recipients of the document, and, where not apparent, the relationship of the author, addressees and recipients to each other.

4.     Except as otherwise stated, this request shall be deemed to call for documents created in or concerning the period from November 1, 2017 through present (the "Period").

5.     This request is continuing to require a supplemental response if additional documents are obtained which are responsive to this request.

6.     If you are unable to produce any file or document called for by this request, state the reason(s) why such a file or document cannot be produced.

7.     This document request demands all responsive documents within your possession, custody or control, including documents that you can obtain from attorneys or other representatives who you have engaged regarding arbitrations.

3

8.     All electronically stored information ("ESI") should be provided pursuant to Rule 26(e) of the Local Rules.

9.     These document requests shall be read reasonably in the recognition that the person serving them does not have the information sought and the person receiving them generally does have such information or can obtain it.

## DOCUMENT REQUESTS

Plaintiffs request production of the following:

**DOCUMENT REQUEST NO. 1:**

**Copies of all correspondence from January 1, 2017 to present between Plaintiffs and their insureds mentioning, discussing, or referring to Defendants treatment practices or protocols or billing practices or protocols.**

**RESPONSE:**

**DOCUMENT REQUEST NO. 2:**

**Copies of all internal correspondence January 1, 2017 to present within, among, or between Plaintiffs mentioning, discussing, or referring to Defendants treatment practices or protocols or billing practices or protocols.**

**RESPONSE:**

**DOCUMENT REQUEST NO. 3:**

**Copies of all correspondence b January 1, 2017 to present between Plaintiffs and any third party mentioning, discussing, or referring to Defendants treatment practices, protocols or billing practices or protocols.**

**RESPONSE:**

**DOCUMENT REQUEST NO. 4:**

**Copies of all documents or correspondence January 1, 2017 to present in Plaintiffs possession or control which express an opinion that Defendants were committing, had committed, or would commit fraudulent acts.**

**RESPONSE:**

**DOCUMENT REQUEST NO. 5:**

Copies of all documents or correspondence January 1, 2017 to present which express an opinion that Defendants had not committed fraudulent acts since at least the conclusion of the prior litigation between the parties.

**RESPONSE:**

**DOCUMENT REQUEST NO. 6:**

Copies of all documents or correspondence January 1, 2017 to present refuting, rejecting, or disagreeing with any opinion or conclusion that Defendants were committing, had committed, or would commit fraudulent acts.

**RESPONSE:**

**DOCUMENT REQUEST NO. 7:**

In regard to any documents responsive to Document Requests No. 4, No. 5, and/or No. 6, copies of all documents relied upon in reaching the opinion or conclusion expressed.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:**

In regard to any documents responsive to Document Requests No. 4, No. 5, and/or No. 6, copies of all certificates, diplomas, licenses, training materials, or other documentation establishing the expertise of any individuals who reached, approved, or endorsed the opinion or conclusion expressed.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:**

Copies of all policies, instructions, manuals, handbooks, training materials, or similar documents of Plaintiffs regarding the process by which Plaintiffs analyze no-fault billings and determine whether a bill should be paid, reduced, or challenged in its entirety, including the process for determining whether a bill should be investigated as fraudulent, including but not limited to all documents created or maintained pursuant to NY Ins. L. § 409 and/or Regulation 95.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:**

Copies of all policies, instructions, manuals, handbooks, training materials, or similar documents of Plaintiffs regarding the process by which Plaintiffs investigate bills they believe may be fraudulent, including investigations targeting all bills from a certain individual medical provider or medical corporation, including but not limited to all documents created or maintained pursuant to NY Ins. L. § 409 and/or Regulation 95.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:**

Copies of all Annual SIU Reports filed with the NYS Department of Financial Services from 2010 to present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:**

Copies of all policies, instructions, manuals handbooks, training materials, or similar documents of Plaintiffs, including internal correspondence or memorandums, setting out specific processes or procedures for the treatment of bills submitted by Defendants.

**RESPONSE:**

**DOCUMENT REQUEST NO. 13:**

Copies of all documents referred to or consulted in preparation for Plaintiffs response to Defendant's Interrogatories to Plaintiffs.

**RESPONSE:**

**DOCUMENT REQUEST NO. 14:**

Copies of Plaintiff's Special Investigation Unit or similar department or division complete physical and digital file regarding any investigation of each or all of the Defendants.

**RESPONSE:**

**DOCUMENT REQUEST NO. 15:**

Copies of all documents or correspondence in Plaintiffs possession or control which sought an opinion from a third party, including proposed experts as to whether Defendants were committing, had committed, or would commit fraudulent acts.

     **RESPONSE:**

**DOCUMENT REQUEST NO. 16:**

Copies of all documents or correspondence in Plaintiffs possession or control from a third party, including proposed experts, referencing whether Defendants were committing, had committed, or would commit fraudulent acts.

     **RESPONSE:**

**DOCUMENT REQUEST NO. 17:**

Copies of all documents or correspondence in Plaintiffs possession or control directed to or received from any local, state or federal official or agency seeking or expressing an opinion as to whether Defendants were committing, had committed, or would commit fraudulent acts.

     **RESPONSE:**

**DOCUMENT REQUEST NO. 18:**

Copies of all reports regarding Defendants submitted via the Fraud Case Management System, or otherwise submitted to the New York State Department of Financial Services under the requirements of NY Ins. L. § 405 and/or 11 N.Y.C.R.R. § 86 et al.

**DOCUMENT REQUEST NO. 19:**

Copies of all documents, including internal memos, emails or other correspondence, as well as communications with third parties, including but not limited to state agencies, referencing the potential, possibility, opportunity, option, ability, obligation, requirement, or duty to submit a report regarding Defendants via the Fraud Case Management System or by other means to the New York State Department of Financial Services under the requirements of NY Ins. L. § 405 and/or 11 N.Y.C.R.R. § 86 et al.

     **RESPONSE:**

**DOCUMENT REQUEST NO. 21:**

Copies of any documents or communications to or from any New York State agencies related to any reports made regarding Defendants via the Fraud Case Management System or by other means to the New York State Department of Financial Services under the requirements of NY Ins. L. § 405 and/or 11 N.Y.C.R.R. § 86 et al.

**RESPONSE:**

**DOCUMENT REQUEST NO. 22:**

Copies of each Plaintiff's entire file regarding each individual insured who Plaintiffs refer to in the Complaint (including Exhibit 1 thereto) or in the Answer to Defendant RES's Counterclaim or for whom Plaintiffs otherwise allege that Defendants submitted fraudulent claims.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:**

Copies of all documents referenced in Plaintiffs' initial disclosures.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:**

Copies of all documents referenced in Plaintiffs' response to any Defendant's interrogatories.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:**

All Documents relating to any expert who will testify on Plaintiffs' behalf in this matter, including without limitation: (a) a current resume or curriculum vitae of the expert; (b) all promotional material or brochures regarding the expert; (c) all documents and tangible things that have been made or prepared by the expert in any way relating to this litigation, including without limitation, summaries, drafts, draft reports, affidavits, analysis, memoranda, notes, calculations, charts, or spread sheets; (d) all documents and tangible things that have been made available to, relied upon or used by the expert in connection with this case; (e) all letters and correspondence between such expert and anyone on behalf of the defendant; (f) a written report prepared and signed by the expert which contains: (i) a complete statement of any opinions to be expressed; (ii) the basis and reasons for each opinion to be expressed; (iii) the date or other information considered in forming the opinion; (iv) any exhibits to be used as a summary of or support for the opinion; and (v) all documents relied upon or used in formulating the opinion which the expert received or obtained from any source.

**RESPONSE:**

DATED:      Buffalo, New York
            May 30, 2020

                                          Robert E. Knoer, Esq.
                                      THE KNOER GROUP, PLLC
                                      *Attorneys for Defendants*
                                      424 Main Street, Suite 1820
                                      Buffalo, New York 14202
                                              (716) 332-0032
                                          Fax: 716-362-8748
                                Email: rknoer@knoergroup.com

TO:      Barry I. Levy, Esq.
         Ryan Goldberg, Esq.
         Max Gershenoff, Esq.
         Joshua D. Smith, Esq.
         RIVKIN RADLER LLP
         *Attorneys for Plaintiffs*
         926 RXR Plaza
         Uniondale, New York 11556
         (516) 357-3000
         Barry.levy@rivkin.com
         Ryan.goldberg@rivkin.com
         Max.gershenoff@rivkin.com
         Joshua.smith@rivkin.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and
GEICO CASUALTY CO.,

                           Plaintiffs,               Docket No.:
                                                   19-cv-00728 (JLS)(HBS)

      -against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL
STRUTSOVSKIY, M.D., RES PHYSICAL
MEDICINE & REHABILITATION SERVICES, P.C.,
and CHERYLE HART, M.D.

                           Defendants.

---

### DEFENDANT CHERYLE HART, M.D.'s
### FIRST SET OF INTERROGATORIES TO PLAINTIFFS

    **PLEASE TAKE NOTICE** that pursuant to Rule 26 and 33 of the Federal Rules of Civil

Procedure and Rule 26 of the Local Rules of Civil Procedure for the United States District Court

for the Western District of New York ("Local Rules"), CHERYLE HART, M.D. by and through

her attorneys The Knoer Group, PLLC, request that Plaintiffs GOVERNMENT EMPLOYEES

INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY

and GEICO CASUALTY CO. (collectively, "GEICO" or "Plaintiffs"), provide verified answers

to Defendant Cheryle Hart, M.D.'s First Set of Interrogatories to plaintiffs, within the time

specified by the Federal Rules of Civil Procedure. **PLEASE TAKE NOTICE THAT ANY**

**FAILURE TO TIMELY SERVE WRITTEN RESPONSES IN ACCORDANCE WITH**

**RULE 33 SHALL CONSTITUTE WAIVER OF ANY OBJECTION TO THESE**

**INTERROGATORIES.**

## DEFINITIONS

These interrogatories incorporate Local Rule 26(c) Uniform Definitions for all Discovery Requests and the definitions set forth below:

1.       "Plaintiffs" or "GEICO" means Government Employees Insurance Company, GEICO Casualty Co., GEICO General Insurance Company, and GEICO Indemnity Co., or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf.

2.       "Defendants" means RES Physical Medicine & Rehabilitation Services, P.C. or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf, including Mikhail Strut, M.D. and Cheryle Hart, M.D.

3.       "Bills" or "Claims" means all documents provided by Defendants to Plaintiffs or to an arbitrator overseeing proceedings between Defendants and Plaintiffs purporting to establish Defendants' right to payment or reimbursement by Plaintiffs for services rendered and associated costs.

## INSTRUCTIONS

These interrogatories incorporate Local Rule 26(d) Assertion of Claim of Privilege and the instructions set forth below:

1.       In responding to these Interrogatories, please furnish all information that is available to you, including information in your possession, custody or control, or in the possession, custody or control of any person acting on your behalf, and not merely such information as is

known of your personal knowledge.

2.     If an Interrogatory asks that an entity be identified, please provide the following with respect to each identified entity: (a) legal name; (b) name under which the entity does business; and (c) address and telephone number.

3.     If a document called for by these Interrogatories is no longer in your possession, custody or control because it has been destroyed, lost, discarded, disposed of, or is no longer in your possession, custody, or control for any other reason, then each and every such document is to be identified as completely as possible by providing, without limitation, the following information: author(s), recipient(s), sender(s), subject matter, date prepared or received, date of disposal, manner of disposal, reason for disposal, person(s) having knowledge of the disposal, and person(s) disposing of the document.

4.     Each answer is to be made separately and fully, in writing under oath to the extent not objected to. An incomplete or evasive answer will be considered a failure to answer. If you cannot answer an Interrogatory in full after exercising due diligence to obtain the information, you should so state and answer the Interrogatory to the extent possible, specifying your inability to answer the remainder of the Interrogatory and stating whatever information or knowledge you have concerning the unanswered portion(s), including the name of any person(s) who may have additional knowledge or information to complete the answer.

5.     If you object to an Interrogatory, in whole or in part, you shall state with particularity the precise portion of the Interrogatory to which you object, the precise grounds for the objection, and the nature of the information withheld in sufficient detail to allow Plaintiffs to evaluate and respond to the objection. You shall answer all portions of the Interrogatory which are not subject to that objection.

6.      These Interrogatories do not call for the disclosure of any privileged material.  If you object to any Interrogatory, or any part thereof, on the basis of any privilege, the information set forth at Local Rule 26(d) shall be furnished in writing with the answers.

7.      These Interrogatories shall be read reasonably in the recognition that the person serving them does not have the information sought and the person receiving them generally does have such information or can obtain it.

8.      These interrogatories are continuing so as to require a supplemental response if additional responsive documents or information are obtained.

9.      Unless stated otherwise, these Interrogatories call for documents and information concerning the period of November 1, 2017 through the present ("Relevant Period").

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

**Fully identify each patient referred to by initials in paragraphs 76, 91, 100, 115, 123, 176, 186, 191, 219, 274, and 282 of the Complaint.**

**RESPONSE:**

**INTERROGATORY NO. 2:**

**Identify all patients whose initial examination results, patient histories, or range of motion test results were contravened by police reports and/or hospital records as alleged in paragraphs 90, 92, 114, and 115 of the Complaint, and for each patient, specify what portions of their initial examination results, patient history, or range of motion test results are contravened by police reports and/or medical records, and identify the police report and/or hospital record that contravenes each portion.**

4

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify by patient, claim, document, and page number each example of boilerplate or identical findings as alleged in paragraphs 89, 116, 117, 118, 119, 243, and 244 of the Complaint. A proper response to this interrogatory should identify the specific language and list each occurrence.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify the basis for the allegation in paragraph 185 of the Complaint that "the Insured's minor accidents did not cause, and could not have caused, the Insureds to display such long-term, identical symptomatology." If the basis is the opinion of one or more individuals, provide the names and contact information for those individuals.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify the basis for the allegation in paragraph 193 of the Complaint that the presenting problems of Insureds "either had completely resolved by the time of the purported follow-up examinations, or else had resolved to the point where they were minimal." If the basis is the opinion of one or more individuals, provide the names and contact information for those individuals.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify each claim submitted by Defendants which GEICO alleges sought payment for services performed by independent contractors as alleged in paragraph 298 of the Complaint. For each claim, identify the individual alleged to be an independent contractor and the services that individual performed.

    **RESPONSE:**

**INTERROGATORY NO. 7:**

Identify every group of two or more patients who presented "on or about the same date after their accidents with substantially similar symptomology" as alleged in paragraphs 121, 122, 123, and 124 of the Complaint.

    **RESPONSE:**

**INTERROGATORY NO. 8:**

Identify each Insured who "did not, and could not have, sustained any injuries in their automobile accident that would warrant" the prescriptions written by Defendants as alleged in paragraph 280 of the Complaint.

    **RESPONSE:**

**INTERROGATORY NO. 9:**

Identify each insured who was prescribed "narcotics and other habit forming drugs…despite clear indications that the Insureds had drug problems, were not taking the drugs as

6

prescribed, or were diverting the drugs" as alleged in paragraphs 281, 282, 283 and 284 of the Complaint.

     **RESPONSE:**


**INTERROGATORY NO. 10:**

Identify each statement or representation made by Defendants in any patient record or claim which Plaintiffs allege was knowingly false or a misrepresentation, as alleged in paragraphs 75, 101, 102, 103, 113, 146, 147, 164, 175, 177, 178, and 179 of the Complaint.

     **RESPONSE:**


**INTERROGATORY NO. 11:**

Identify specifically each fact Defendants "knowingly misrepresented and concealed" as alleged in paragraphs 312 and 313 of the Complaint.

     **RESPONSE:**


**INTERROGATORY NO. 12:**

Identify all individual patients for whom Defendants provided "phony extremity, neck and/or back soft tissue injury 'diagnoses'" as alleged in paragraph 142 of the Complaint, and specifically identify which diagnoses you allege to be "phony".

     **RESPONSE:**


**INTERROGATORY NO. 13:**

Identify, by patient and date of service, each follow-up examination which was "medically

unnecessary" and was "not [performed] to treat or otherwise benefit the Insureds who were

subjected to them" as alleged in paragraph 163 of the Complaint.

**RESPONSE:**

DATED:      Buffalo, New York
            May 30 2020

                                          Robert E. Knoer, Esq.
                                          THE KNOER GROUP, PLLC
                                          *Attorneys for Defendants*
                                          424 Main Street, Suite 1820
                                          Buffalo, New York 14202
                                          (716) 332-0032
                                          Fax: 716-362-8748
                                          Email: rknoer@knoergroup.com

TO:   Barry I. Levy, Esq.
      Ryan Goldberg, Esq.
      Max Gershenoff, Esq.
      Joshua D. Smith, Esq.
      RIVKIN RADLER LLP
      *Attorneys for Plaintiffs*
      926 RXR Plaza
      Uniondale, New York 11556
      (516) 357-3000
      Barry.levy@rivkin.com
      Ryan.goldberg@rivkin.com
      Max.gershenoff@rivkin.com
      Joshua.smith@rivkin.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and
GEICO CASUALTY CO.,

|  |  |  |
|---|---|---|
| | Plaintiffs, | Docket No.: |
| | | 19-cv-00728 (JLS)(HBS) |
| -against- | | |

MIKHAIL STRUT, M.D. a/k/a MIKHAIL
STRUTSOVSKIY, M.D., RES PHYSICAL
MEDICINE & REHABILITATION SERVICES, P.C.,
and CHERYLE HART, M.D.

Defendants.
_____

## DEFENDANT RES PHYSICAL MEDICINE & REHABILITATION SERVICES, P.C.'s

## FIRST SET OF INTERROGATORIES TO PLAINTIFFS

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York ("Local Rules"), RES PHYSICAL MEDICINE & REHAB SERVICES, P.C, by and through its attorneys The Knoer Group, PLLC, request that Plaintiffs GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO. (collectively, "GEICO" or "Plaintiffs"), provide verified answers to Defendant RES Physical Medicine & Rehabilitation Services, P.C.'s First Set of Interrogatories to plaintiffs, within the time specified by the Federal Rules of Civil Procedure. **PLEASE TAKE NOTICE THAT ANY FAILURE TO TIMELY SERVE WRITTEN RESPONSES IN ACCORDANCE WITH RULE 33 SHALL**

**CONSTITUTE WAIVER OF ANY OBJECTION TO THESE INTERROGATORIES.**

## DEFINITIONS

These interrogatories incorporate Local Rule 26(c) Uniform Definitions for all Discovery Requests and the definitions set forth below:

1.      "Plaintiffs" or "GEICO" means Government Employees Insurance Company, GEICO Casualty Co., GEICO General Insurance Company, and GEICO Indemnity Co., or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf.

2.      "Defendants" means RES Physical Medicine & Rehabilitation Services, P.C. or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf, including Mikhail Strut, M.D. and Cheryle Hart, M.D.

3.      "Bills" or "Claims" means all documents provided by Defendants to Plaintiffs or to an arbitrator overseeing proceedings between Defendants and Plaintiffs purporting to establish Defendants' right to payment or reimbursement by Plaintiffs for services rendered and associated costs.

## INSTRUCTIONS

These interrogatories incorporate Local Rule 26(d) Assertion of Claim of Privilege and the instructions set forth below:

1.      In responding to these Interrogatories, please furnish all information that is available to you, including information in your possession, custody or control, or in the possession,

2

custody or control of any person acting on your behalf, and not merely such information as is known of your personal knowledge.

2.      If an Interrogatory asks that an entity be identified, please provide the following with respect to each identified entity: (a) legal name; (b) name under which the entity does business; and (c) address and telephone number.

3.      If a document called for by these Interrogatories is no longer in your possession, custody or control because it has been destroyed, lost, discarded, disposed of, or is no longer in your possession, custody, or control for any other reason, then each and every such document is to be identified as completely as possible by providing, without limitation, the following information: author(s), recipient(s), sender(s), subject matter, date prepared or received, date of disposal, manner of disposal, reason for disposal, person(s) having knowledge of the disposal, and person(s) disposing of the document.

4.      Each answer is to be made separately and fully, in writing under oath to the extent not objected to. An incomplete or evasive answer will be considered a failure to answer. If you cannot answer an Interrogatory in full after exercising due diligence to obtain the information, you should so state and answer the Interrogatory to the extent possible, specifying your inability to answer the remainder of the Interrogatory and stating whatever information or knowledge you have concerning the unanswered portion(s), including the name of any person(s) who may have additional knowledge or information to complete the answer.

5.      If you object to an Interrogatory, in whole or in part, you shall state with particularity the precise portion of the Interrogatory to which you object, the precise grounds for the objection, and the nature of the information withheld in sufficient detail to allow Plaintiffs to evaluate and respond to the objection. You shall answer all portions of the Interrogatory which are

not subject to that objection.

6.      These Interrogatories do not call for the disclosure of any privileged material.  If you object to any Interrogatory, or any part thereof, on the basis of any privilege, the information set forth at Local Rule 26(d) shall be furnished in writing with the answers.

7.      These Interrogatories shall be read reasonably in the recognition that the person serving them does not have the information sought and the person receiving them generally does have such information or can obtain it.

8.      These interrogatories are continuing so as to require a supplemental response if additional responsive documents or information are obtained.

9.      Unless stated otherwise, these Interrogatories call for documents and information concerning the period of November 1, 2017 through the present ("Relevant Period").

## **INTERROGATORIES**

**INTERROGATORY NO 1:**

**Set out and explain the basis for the allegation that Defendant RES's counterclaim "fails to state a cause of action upon which relief can be granted" as alleged in Plaintiffs' First Affirmative Defense to Defendant RES's counterclaim.**

   **RESPONSE:**


**INTERROGATORY NO. 2:**

**Identify what acts or omissions of Defendants support the allegation that the counterclaim of Defendant RES is barred by the doctrine of unclean hands as alleged in Plaintiffs' Second Affirmative Defense to Defendant RES's counterclaim.**

   **RESPONSE:**

4

**INTERROGATORY NO. 3:**

Set out and explain the basis of the allegation that Defendant RES lacks standing to make its counterclaim as alleged in Plaintiffs' Third Affirmative Defense to Defendant RES's counterclaim.

    **RESPONSE:**

**INTERROGATORY NO. 4:**

Specifically identify the "improper, fraudulent, and illegal acts" committed by Defendants as alleged in Plaintiffs' Fourth Affirmative Defense to Defendant RES's counterclaim

    **RESPONSE:**

**INTERROGATORY NO. 5:**

Set out and explain the basis for the allegation that the acts identified in response to Interrogatory No. 4 serve to bar Defendant RES's counterclaim.

    **RESPONSE:**

**INTERROGATORY NO. 6:**

Set out and explain the basis for the allegation that Defendant RES is estopped from recovering on its counterclaim as alleged in Plaintiffs' Fifth Affirmative Defense to Defendant RES's counterclaim.

    **RESPONSE:**

**INTERROGATORY NO. 7:**

Specifically identify each of Defendants' "acts of self-dealing" as alleged in Plaintiffs' Sixth Affirmative Defense to Defendant RES's counterclaim.

    **RESPONSE:**


**INTERROGATORY NO. 8:**

Set out and explain the basis for the allegation that the acts identified in response to Interrogatory No. 6 serve to bar Defendant RES's counterclaim as alleged in Plaintiffs' Sixth Affirmative Defense to Defendant RES's counterclaim.

    **RESPONSE:**


**INTERROGATORY NO. 9:**

Specifically identify every instance in which Defendants violated New York State law as alleged in Plaintiffs' Seventh Affirmative Defense to Defendant RES's counterclaim.

    **RESPONSE:**


**INTERROGATORY NO. 10:**

Set out and explain the basis for the allegation that Defendant RES may not recover attorneys' fees under New York Law as alleged in Plaintiffs' Eighth Affirmative Defense to Defendant RES's counterclaim.

    **RESPONSE:**


**INTERROGATORY NO. 11:**

Specifically identify each instance where Defendants "engaged in fraudulent conduct and made material misrepresentations" as alleged in Plaintiffs' Ninth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE:**


**INTERROGATORY NO. 12:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each treatment rendered by Defendants which is alleged to have been "not medically necessary and/or appropriate under the circumstances, nor…reasonable and customary within the profession given the condition of the Defendants' assignors" as alleged in Plaintiffs' Tenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE:**


**INTERROGATORY NO. 13:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each service rendered by Defendants which was "not causally related to the use or operation of a motor vehicle" as alleged in Plaintiffs' Eleventh Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE:**


**INTERROGATORY NO. 14:**

Specifically identify, for every claim which is a subject of Defendant RES's counterclaim, each act or omission of Defendants which constitutes a "fail[ure] to comply with the terms

7

and conditions of the insurance policies under which the claims have been submitted" as alleged in Plaintiffs' Twelfth Affirmative Defense to Defendant RES's counterclaim.

      **RESPONSE:**

**INTERROGATORY NO. 15:**

Identify, by patient, claim, and date of request, each of "Plaintiffs' requests for additional verification in the form of documentation and/or an examination under oath" with which Defendants failed to comply as alleged in Plaintiffs' Thirteenth Affirmative Defense to Defendant RES's counterclaim.

      **RESPONSE:**

**INTERROGATORY NO. 16:**

Specifically identify each act or omission of Defendants which Plaintiffs allege to be a "violation of material licensing laws, including but not limited to Business Corporation Law of the State of New York, the Public Health Law of the State of New York and/or the Education Law of the State of New York" as alleged in Plaintiffs' Fourteenth Affirmative Defense to Defendant RES's counterclaim.

      **RESPONSE:**

**INTERROGATORY NO. 17:**

For each act or omission identified in response to Interrogatory No. 13, identify specifically the provision of law which Plaintiffs allege the act or omission violates.

      **RESPONSE:**

**INTERROGATORY NO. 18:**

Set out and explain the basis for the allegation that Defendants "are not legally authorized to render, bill for, or recover for health services in New York; and are otherwise ineligible for reimbursement pursuant to 11 N.Y.C.R.R. Section 65-3.16(a)(12)" as alleged in Plaintiffs Fourteenth Affirmative Defense to Defendant RES's counterclaim.

   **RESPONSE:**


**INTERROGATORY NO. 19:**

Specifically identify each "kickback arrangement," instance of "illegal fee splitting," or "unlawful referral arrangement" Defendants engaged in as alleged in Plaintiffs' Fifteenth Affirmative Defense to Defendant RES's counterclaim.

   **RESPONSE:**


**INTERROGATORY NO. 20:**

For each "kickback arrangement," instance of "illegal fee splitting," or "unlawful referral arrangement" identified in response to Interrogatory No. 16, identify the individuals or entities alleged to have been involved. If any individuals or entities identified are alleged to have been acting on behalf of any other individuals or entities, a proper response to this interrogatory will specifically identify those other individuals or entities.

   **RESPONSE:**


**INTERROGATORY NO. 21:**

For each individual or entity identified in response to Interrogatory No. 17, provide any contact information known to Plaintiffs, including identification of an individual's employer.

RESPONSE:

INTERROGATORY NO. 22:

Specifically identify, by patient, date of service, and service for which a claim was submitted, each service which "Defendants misrepresented and exaggerated the level and type of services purportedly provided to the Defendants' assignors" as alleged in Plaintiffs' Sixteenth Affirmative Defense to Defendant RES's counterclaim.

RESPONSE:

INTERROGATORY NO. 23:

Specifically identify, by patient, date of service, and service for which a claim was submitted, each service for which "Defendants do not have valid assignments under which they have legal rights to initiate a claim against Plaintiffs" as alleged in Plaintiffs' Seventeenth Affirmative Defense to Defendant RES's counterclaim.

RESPONSE:

INTERROGATORY NO. 24:

Specifically identify, by patient, date of service, and service for which a claim was submitted, each fee Plaintiffs allege was not "charged in accordance with the workers' compensation fee schedule pursuant to Section 5108 of New York State's Insurance Law and/or Regulation 83" as alleged in Plaintiffs' Eighteenth Affirmative Defense to Defendant RES's

**counterclaim.**

      **RESPONSE:**


DATED:      Buffalo, New York
                May 30, 2020

                                        Robert E. Knoer, Esq.
                              THE KNOER GROUP, PLLC
                              *Attorneys for Defendants*
                              424 Main Street, Suite 1820
                              Buffalo, New York 14202
                              (716) 332-0032
                              Fax: 716-362-8748
                              Email: rknoer@knoergroup.com


TO:     Barry I. Levy, Esq.
          Ryan Goldberg, Esq.
          Max Gershenoff, Esq.
          Joshua D. Smith, Esq.
          RIVKIN RADLER LLP
          *Attorneys for Plaintiffs*
          926 RXR Plaza
          Uniondale, New York 11556
          (516) 357-3000
          Barry.levy@rivkin.com
          Ryan.goldberg@rivkin.com
          Max.gershenoff@rivkin.com
          Joshua.smith@rivkin.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and
GEICO CASUALTY CO.,

|  |  |
|---|---|
| Plaintiffs, | Docket No.: |
|  | 19-cv-00728 (JLS)(HBS) |

-against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL
STRUTSOVSKIY, M.D., RES PHYSICAL
MEDICINE & REHABILITATION SERVICES, P.C.,
and CHERYLE HART, M.D.

Defendants.

_____

### DEFENDANT MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUTSOVSKIY, M.D.'s FIRST SET OF INTERROGATORIES TO PLAINTIFFS

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York ("Local Rules"), MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUSOVSKIY, M.D., by and through his attorneys The Knoer Group, PLLC, request that Plaintiffs GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO. (collectively, "GEICO" or "Plaintiffs"), provide verified answers to Defendant Mikhail Strut, M.D., a/k/a Mikhail Strutsovskiy, M.D.'s First Set of Interrogatories to plaintiffs, within the time specified by the Federal Rules of Civil Procedure. **PLEASE TAKE NOTICE THAT ANY FAILURE TO TIMELY SERVE WRITTEN RESPONSES IN ACCORDANCE WITH RULE 33 SHALL CONSTITUTE WAIVER OF ANY OBJECTION TO THESE INTERROGATORIES.**

## DEFINITIONS

These interrogatories incorporate Local Rule 26(c) Uniform Definitions for all Discovery Requests and the definitions set forth below:

1.      "Plaintiffs" or "GEICO" means Government Employees Insurance Company, GEICO Casualty Co., GEICO General Insurance Company, and GEICO Indemnity Co., or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf.

2.      "Defendants" means RES Physical Medicine & Rehabilitation Services, P.C. or any of its predecessors, successors, subsidiaries and affiliates, each of its present and former officers, employees, agents, representatives, office personnel, auditors, controller, comptroller, accountants and attorneys, and each person acting or purporting to act on its behalf, including Mikhail Strut, M.D. and Cheryle Hart, M.D.

3.      "Bills" or "Claims" means all documents provided by Defendants to Plaintiffs or to an arbitrator overseeing proceedings between Defendants and Plaintiffs purporting to establish Defendants' right to payment or reimbursement by Plaintiffs for services rendered and associated costs.

## INSTRUCTIONS

These interrogatories incorporate Local Rule 26(d) Assertion of Claim of Privilege and the instructions set forth below:

1.      In responding to these Interrogatories, please furnish all information that is available to you, including information in your possession, custody or control, or in the possession, custody or control of any person acting on your behalf, and not merely such information as is

2

known of your personal knowledge.

2.    If an Interrogatory asks that an entity be identified, please provide the following with respect to each identified entity: (a) legal name; (b) name under which the entity does business; and (c) address and telephone number.

3.    If a document called for by these Interrogatories is no longer in your possession, custody or control because it has been destroyed, lost, discarded, disposed of, or is no longer in your possession, custody, or control for any other reason, then each and every such document is to be identified as completely as possible by providing, without limitation, the following information: author(s), recipient(s), sender(s), subject matter, date prepared or received, date of disposal, manner of disposal, reason for disposal, person(s) having knowledge of the disposal, and person(s) disposing of the document.

4.    Each answer is to be made separately and fully, in writing under oath to the extent not objected to. An incomplete or evasive answer will be considered a failure to answer. If you cannot answer an Interrogatory in full after exercising due diligence to obtain the information, you should so state and answer the Interrogatory to the extent possible, specifying your inability to answer the remainder of the Interrogatory and stating whatever information or knowledge you have concerning the unanswered portion(s), including the name of any person(s) who may have additional knowledge or information to complete the answer.

5.    If you object to an Interrogatory, in whole or in part, you shall state with particularity the precise portion of the Interrogatory to which you object, the precise grounds for the objection, and the nature of the information withheld in sufficient detail to allow Plaintiffs to evaluate and respond to the objection. You shall answer all portions of the Interrogatory which are not subject to that objection.

6.     These Interrogatories do not call for the disclosure of any privileged material.  If you object to any Interrogatory, or any part thereof, on the basis of any privilege, the information set forth at Local Rule 26(d) shall be furnished in writing with the answers.

7.     These Interrogatories shall be read reasonably in the recognition that the person serving them does not have the information sought and the person receiving them generally does have such information or can obtain it.

8.     These interrogatories are continuing so as to require a supplemental response if additional responsive documents or information are obtained.

9.     Unless stated otherwise, these Interrogatories call for documents and information concerning the period of November 1, 2017 through the present ("Relevant Period").

## INTERROGATORIES

**INTERROGATORY NO. 1:**

**Identify each individual who has, at GEICO's request or direction, reviewed information and/or documents related to the medical treatment referenced in the complaint provided to GEICO insureds by Defendants. Include the names of GEICO employees and contractors.**

**RESPONSE:**

**INTEROGATORY NO. 2**

**If any individual identified in Interrogatory No. 1, provided an opinion as to whether the treatment provided was medically necessary and appropriate state each individual's education, medical training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.**

**INTERROGATORY NO. 3**

4

If any individual identified in Interrogatory No. 1, provided an opinion as to whether the treatment provided was properly coded for purposes of reimbursement state each individual's education or training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**INTERROGATORY NO. 4**

If any individual identified in Interrogatory No. 1, provided an opinion as to whether the injuries listed as having been sustained or the symptoms were causally related to an automobile accident state each individual's education, training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**INTERROGATORY NO. 5:**

In regard to those individuals identified in Interrogatory No. 1, state each individual's medical training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

      **RESPONSE:**

**INTERROGATORY NO.6:**

Identify each individual who has, at GEICO's request or direction, reviewed bills submitted by Defendants to GEICO for services rendered to GEICO insureds, and/or other information and/or documents related to those bills, and expressed an opinion on the propriety and accuracy of those bills.

**RESPONSE:**

**INTERROGATORY NO. 7:**

In regard to those individuals identified in Interrogatory No. 3, state each individual's basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify each individual whose opinion Plaintiffs relied upon in alleging that Defendants were engaged in fraudulent activity regarding treatment of GEICO insureds and subsequent billing to Plaintiffs.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify each individual GEICO insured, for whom Defendants submitted bills to GEICO for medical services rendered, who has suggested to GEICO that the services billed for were unnecessary, improperly rendered, or not actually provided.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Set out, describe, and explain the process by which Plaintiffs analyze no-fault billings and determine whether a bill should be paid, reduced, or challenged in its entirety, including the

process for determining whether a bill should be investigated as fraudulent.

     **RESPONSE:**


**INTERROGATORY NO. 11:**

Set out, describe, and explain the process by which Plaintiffs investigate bills they believe may be fraudulent, including investigations targeting all bills from a certain individual medical provider or medical corporation.

     **RESPONSE:**


**INTERROGATORY NO. 12:**

In regard to the responses to Interrogatories No. 9 and No. 10, identify any deviations from that normal process which have been taken regarding bills submitted by Defendants.

     **RESPONSE:**



DATED:     Buffalo, New York
              May 30, 2020

                                      Robert E. Knoer, Esq.
                               THE KNOER GROUP, PLLC
                               *Attorneys for Defendants*
                               424 Main Street, Suite 1820
                               Buffalo, New York 14202
                               (716) 332-0032
                               Fax: 716-362-8748
                               Email: rknoer@knoergroup.com


TO:    Barry I. Levy, Esq.

Ryan Goldberg, Esq.
Max Gershenoff, Esq.
Joshua D. Smith, Esq.
RIVKIN RADLER LLP
*Attorneys for Plaintiffs*
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000
Barry.levy@rivkin.com
Max.gershenoff@rivkin.com
Joshua.smith@rivkin.com