# Exhibit B

# Plaintiffs' Response to Defendants' First Demand for Documents

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and  GEICO CASUALTY CO.,                                  Docket No.:
                                                                                              19-cv-00728 (JLS)(HBS)
                                            Plaintiffs,

        -against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUTSOVSKIY,
M.D., RES PHYSICAL MEDICINE & REHABILITATION
SERVICES, P.C., and CHERYLE HART, M.D.

                                            Defendants.
------------------------------------------------------------------------X

Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), by and through their counsel, Rivkin Radler LLP, as and for their responses to the First Request for Documents to Plaintiffs (the "Document Requests") from Defendants Mikhail Strut, M.D. a/k/a Mikhail Strutsovskiy, M.D., RES Physical Medicine & Rehabilitation Services, P.C., and Cheryle Hart, M.D.  ("Defendants") set forth, upon information and belief, as follows:

## PRELIMINARY STATEMENT

The responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding party.  GEICO reserves the right to use evidence, facts, and testimony that are subsequently discovered, developed, or analyzed.  GEICO also reserves the right to amend, modify, or supplement these responses up to and including the time of trial.

## GENERAL RESPONSES AND OBJECTIONS

1.        Plaintiffs object to the Document Requests to the extent that they seek the production of any document protected from disclosure by the attorney-client privilege, the work

product doctrine, or any other privilege or ground for nonproduction available to them under state or federal authority, constitutional or common law.  Plaintiffs will provide an appropriate privilege log, pursuant to the Local Rules of the United States District Court for the Western District of New York, with respect to documents, if any, withheld from production on the ground of one or more applicable privileges or other grounds for nonproduction.

2. Plaintiffs object to the Document Requests to the extent that they are overbroad, unduly burdensome, oppressive, or not commensurate with legitimate discovery needs.

3. Plaintiffs object to the Document Requests to the extent that they seek materials that are irrelevant or immaterial to the subject matter of this action, or are not proportional to the needs of the case.

4. Plaintiffs object to the Document Requests to the extent that they do not identify the documents to be produced with reasonable particularity.  Plaintiffs have responded to each of the individual Document Requests as they understand and interpret each request.  Certain of the Document Requests, however, are vague and ambiguous.  Plaintiffs reserve the right to amend and/or supplement these responses in the event that the Defendants later assert a different interpretation, which is accepted by Plaintiffs.

5. Plaintiffs object to the Document Requests to the extent that they are redundant, overlapping, or repetitive, and that the Document Requests, therefore, are overbroad, unduly burdensome, oppressive or not commensurate with the Defendants' legitimate discovery needs. Accordingly, to the extent that Plaintiffs produce documents in response to any of the Document Requests, such documents will not necessarily be produced in response to any other request or requests that may call for their production.

6. Plaintiffs object to the Document Requests to the extent that the Document Requests purport to require disclosure beyond the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of New York.

7. Plaintiffs object to the Document Requests to the extent they seek documents that already are in the Defendant's possession, are readily available to the Defendant, and/or are a matter of public record.

8. Plaintiffs object to the Document Requests to the extent they seek the production of documents or things from any person or entity not a party to this action.

9. Responsive documents will be made available at the offices of Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556 on a date and time to be arranged with the Defendants' counsel.

10. In responding to the Document Requests, Plaintiffs do not waive their right to challenge the relevance, materiality, or admissibility of the information or documents provided, or to object to the use of the information or documents in any subsequent proceeding or trial in this action.  The production of any documents in response to a request shall not constitute any acknowledgment of the propriety of the request, and Plaintiffs reserve the right to object to any further or additional disclosure sought from it on any ground.

11. Plaintiffs' response that they will produce documents sought by a particular Document Request does not constitute an admission that they actually possess the documents requested or that any such documents exist and are in Plaintiffs' possession, or, with respect to documents in existence, that they will not assert a particular objection at the time of production based upon privilege.

12. Plaintiffs reserve the right to rely, at the time of trial or in other proceedings in this action, upon documents and evidence in addition to those provided in response to these Document Requests.

13. Plaintiffs reserve the right to withhold from production any document or to redact portions of any document to be produced based upon any objections made herein.

14. Plaintiffs object to the instructions in the Document Requests to the extent they exceed the requirements of, conflict with, or seek to impose a greater duty on Plaintiffs than is required by the Federal Rules of Civil Procedure, Local Civil Rules, or other applicable rules and law.

15. These responses are based on present recollection, knowledge, and belief of Plaintiffs. The responses represent information ascertainable by Plaintiffs after diligent inquiry as of the date hereof and should not be construed to reflect all facts that may be responsive to these Document Requests. Plaintiffs reserve the right to supplement and/or amend these responses if further information becomes available in the course of its inquiry, through discovery or otherwise. These responses should not be construed as, and do not constitute, a waiver of Plaintiffs' right to provide additional facts at trial.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

Copies of all correspondence from January 1, 2017 to present between Plaintiffs and their insureds mentioning, discussing, or referring to Defendants treatment practices or protocols or billing practices or protocols.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

In addition to the General Objections, GEICO objects to this request as vague, overbroad, and unduly burdensome. Subject to and without waiving these objections, GEICO will produce

relevant, non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 2:**

Copies of all internal correspondence January 1, 2017 to present within, among, or between Plaintiffs mentioning, discussing, or referring to Defendants treatment practices or protocols or billing practices or protocols.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 3:**

Copies of all correspondence [sic] b January 1, 2017 to present between Plaintiffs and any third party mentioning, discussing, or referring to Defendants treatment practices, protocols or billing practices or protocols.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the

extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 4:**

Copies of all documents or correspondence January 1, 2017 to present in Plaintiffs possession or control which express an opinion that Defendants were committing, had committed, or would commit fraudulent acts.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist.

**DOCUMENT REQUEST NO. 5:**

Copies of all documents or correspondence January 1, 2017 to present which express an opinion that Defendants had not committed fraudulent acts since at least the conclusion of the prior litigation between the parties.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 6:**

Copies of all documents or correspondence January 1, 2017 to present refuting, rejecting, or disagreeing with any opinion or conclusion that Defendants were committing, had committed, or would commit fraudulent acts.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from

disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 7:**

In regard to any documents responsive to Document Requests No.4, No. 5, and/or No. 6, copies of all documents relied upon in reaching the opinion or conclusion expressed.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 8:**

In regard to any documents responsive to Document Requests No.4, No. 5, and/or No. 6, copies of all certificates, diplomas, licenses, training materials, or other documentation establishing the expertise of any individuals who reached, approved, or endorsed the opinion or conclusion expressed.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the

extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 9:**

Copies of all policies, instructions, manuals, handbooks, training materials, or similar documents of Plaintiffs regarding the process by which Plaintiffs analyze no-fault billings and determine whether a bill should be paid, reduced, or challenged in its entirety, including the process for determining whether a bill should be investigated as fraudulent, including but not limited to all documents created or maintained pursuant to NY Ins. L. § 409 and/or Regulation 95.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

GEICO objects on the basis of relevance and proportionality. In particular, it is not clear why these categories of materials – which are not geographically or temporally limited – would be relevant or proportional to the needs of this case.

**DOCUMENT REQUEST NO. 10:**

Copies of all policies, instructions, manuals, handbooks, training materials, or similar documents of Plaintiffs regarding the process by which Plaintiffs investigate bills they believe may be fraudulent, including investigations targeting all bills from a certain individual medical provider or medical corporation, including but not limited to all documents created or maintained pursuant to NY Ins. L. § 409 and/or Regulation 95.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

GEICO objects on the basis of relevance and proportionality. In particular, it is not clear why these categories of materials – which are not geographically or temporally limited – would be relevant or proportional to the needs of this case.

**DOCUMENT REQUEST NO. 11:**

Copies of all Annual SIU Reports filed with the NYS Department of Financial Services from 2010 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

GEICO objects on the basis of relevance and proportionality. In particular, it is not clear why any of these materials would be relevant or proportional to the needs of this case.

**DOCUMENT REQUEST NO. 12:**

Copies of all policies, instructions, manuals handbooks, training materials, or similar documents of Plaintiffs, including internal correspondence or memorandums, setting out specific processes or procedures for the treatment of bills submitted by Defendants.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 13:**

Copies of all documents referred to or consulted in preparation for Plaintiffs response to Defendant's Interrogatories to Plaintiffs.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

In addition to the General Objections, GEICO objects to this request as vague, overbroad, and unduly burdensome. GEICO further objects to this request to the extent it seeks to discover documentation protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation.

**DOCUMENT REQUEST NO. 14:**

Copies of Plaintiff's Special Investigation Unit or similar department or division complete physical and digital file regarding any investigation of each or all of the Defendants.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this request to the extent that it purports to require GEICO to produce documents other than as they are maintained in the ordinary course of GEICO's business. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 15:**

Copies of all documents or correspondence in Plaintiffs possession or control which sought an opinion from a third party, including proposed experts as to whether Defendants were committing, had committed, or would commit fraudulent acts.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the

extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure.

**DOCUMENT REQUEST NO. 16:**

Copies of all documents or correspondence in Plaintiffs possession or control from a third party, including proposed experts, referencing whether Defendants were committing, had committed, or would commit fraudulent acts.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure.

**DOCUMENT REQUEST NO. 17:**

Copies of all documents or correspondence in Plaintiffs possession or control directed to or received from any local, state or federal official or agency seeking or expressing an opinion as to whether Defendants were committing, had committed, or would commit fraudulent acts.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work

12

product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 18:**

Copies of all reports regarding Defendants submitted via the Fraud Case Management System, or otherwise submitted to the New York State Department of Financial Services under the requirements of NY Ins. L. § 405 and/or 11 N.Y.C.R.R. § 86 et al.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 19:**

Copies of all documents, including internal memos, emails or other correspondence, as well as communications with third parties, including but not limited to state agencies, referencing the potential, possibility, opportunity, option, ability, obligation, requirement, or duty to submit a report regarding Defendants via the Fraud Case Management System or by other means to the New York State Department of Financial Services under the requirements of NY Ins. L. § 405 and/or 11 N.Y.C.R.R. § 86 et al.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

In addition to the General Objections, GEICO objects to this request as vague, overbroad, and unduly burdensome. GEICO also objects to this request to the extent it seeks to discover documents protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of

13

litigation. GEICO further objects to this request on the basis that it seeks information not relevant to the subject matter of this litigation, or not proportional to the needs of the case. To the extent that the Defendants can articulate any reason why the documents sought through this request are relevant to the claims or defenses in this action or proportional to the needs of the case, Plaintiffs may reconsider their response.

**DOCUMENT REQUEST NO. 20:**

Defendants skipped Document Request No. 20.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants skipped Document Request No. 20.

**DOCUMENT REQUEST NO. 21:**

Copies of any documents or communications to or from any New York State agencies related to any reports made regarding Defendants via the Fraud Case Management System or by other means to the New York State Department of Financial Services under the requirements of NY Ins. L. § 405 and/or 11 N.Y.C.R.R. § 86 et al.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

In addition to the General Objections, GEICO objects to this request as vague, overbroad, and unduly burdensome. GEICO also objects to this request to the extent it seeks to discover documents protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this request on the basis that it seeks information not relevant to the subject matter of this litigation, or not proportional to the needs of the case. To the extent that the Defendants can articulate any reason why the documents sought through this request are relevant to the claims or defenses in this action or proportional to the needs of the case, Plaintiffs may reconsider their response.

14

**DOCUMENT REQUEST NO. 22:**

Copies of each Plaintiff's entire file regarding each individual insured who Plaintiffs refer to in the Complaint (including Exhibit 1 thereto) or in the Answer to Defendant RES's Counterclaim or for whom Plaintiffs otherwise allege that Defendants submitted fraudulent claims.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. Subject to and without waiving any objections, GEICO will produce relevant non-privileged documents, to the extent such documents exist and are in GEICO's possession.

**DOCUMENT REQUEST NO. 23:**

Copies of all documents referenced in Plaintiffs' initial disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

GEICO will produce all relevant and non-privileged documents identified in Plaintiffs' Rule 26 Disclosures, on a date and time to be arranged with Defendants' counsel and subject to an appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 24:**

Copies of all documents referenced in Plaintiffs' response to any Defendant's interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to and without waiving the objections raised in GEICO's Responses to Defendants' First Set of Interrogatories, GEICO will produce relevant, non-privileged documents, to the extent such documents exist and are in Plaintiffs' possession, subject to the execution of an appropriate confidentiality agreement.

**DOCUMENT REQUEST NO. 25:**

All Documents relating to any expert who will testify on Plaintiffs' behalf in this matter, including without limitation: (a) a current resume or curriculum vitae of the expert; (b) all promotional material or brochures regarding the expert; (c) all documents and tangible things that have been made or prepared by the expert in any way relating to this litigation, including without limitation, summaries, drafts, draft reports, affidavits, analysis, memoranda, notes, calculations, charts, or spread sheets; (d) all documents and tangible things that have been made available to, relied upon or used by the expert in connection with this case; (e) all letters and correspondence between such expert and anyone on behalf of the defendant; (f) a written report prepared and signed by the expert which contains: (i) a complete statement of any opinions to be expressed; (ii) the basis and reasons for each opinion to be expressed; (iii) the date or other information considered in forming the opinion; (iv) any exhibits to be used as a summary of or support for the opinion; and (v) all documents relied upon or used in formulating the opinion which the expert received or obtained from any source.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

In addition to the General Objections, GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this document request to the extent that it may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint. To that extent, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this document request in that it purports to require GEICO to make expert disclosures in advance of the timelines set forth in the Federal Rules.

Dated: Uniondale, New York
       July 15, 2020

                                      RIVKIN RADLER LLP

                    By:    */s/ Joshua D. Smith*
                                      Barry Levy, Esq.
                                      Max Gershenoff, Esq.
                                      Joshua D. Smith, Esq.
                          926 RXR Plaza
                          Uniondale, New York 11556-0926
                          Telephone:    (516) 357-3000
                          Facsimile:    (516) 357-3333

                          *Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company*