# Exhibit C

# Plaintiffs' Response to Defendant Hart's First Set of Interrogatories

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and  GEICO CASUALTY CO.,                              Docket No.:
                                                                                                  19-cv-00728 (JLS)(HBS)
                                                Plaintiffs,

        -against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUTSOVSKIY,
M.D., RES PHYSICAL MEDICINE & REHABILITATION
SERVICES, P.C., and CHERYLE HART, M.D.

                                                Defendants.
---------------------------------------------------------------------------X

Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), by and through their counsel, Rivkin Radler LLP, as and for their responses to the First Set of Interrogatory Demands to Plaintiffs (the "Interrogatories") from Defendant Cheryle Hart, M.D., set forth, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

The responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding party.  GEICO reserves the right to use evidence, facts, and testimony that are subsequently discovered, developed, or analyzed.  GEICO also reserves the right to amend, modify, or supplement these responses up to and including the time of trial.

**GENERAL OBJECTIONS**

1. Plaintiffs generally object to each Interrogatory to the extent that it is overly broad and unduly burdensome, calls for information without reasonable particularization or specificity, or otherwise is vague and ambiguous.

2.      Plaintiffs object to each Interrogatory on the ground and to the extent that it may be construed to call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege.

3.      Plaintiffs object to each Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, and/or not proportional to the needs of the case.

4.      Plaintiffs object to each Interrogatory to the extent that it seeks confidential commercial information, trade secrets, or proprietary information.

5.      Plaintiffs object to each Interrogatory to the extent that it is unduly harassing, burdensome, or oppressive.

6.      Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is not within Plaintiffs' knowledge.

7.      Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information within the knowledge of Defendants, other parties or non-parties.

8.      Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9.      Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is cumulative or duplicative of other requests for disclosure of information.

10.     Plaintiffs object to the definitions and instructions in the Interrogatories to the extent they exceed the requirements of, conflict with, or seek to impose a greater duty on Plaintiffs than is required by the Federal Rules of Civil Procedure, Local Civil Rules, or other applicable rules and law.

11. Plaintiffs object to each Interrogatory to the extent that it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery.

12. Plaintiffs have not yet completed discovery in this action and therefore, to the extent applicable, reserves the right to amend or supplement its objections and responses upon completion of such discovery.

13. Plaintiffs object to each Interrogatory to the extent that any such Interrogatory or its subparts improperly exceeds the maximum number of Interrogatories permitted by the Federal Rules of Civil Procedure.

14. To the extent Plaintiffs are producing documents, it does so without deeming them to be adoptive admissions of the information or opinions contained therein.

## RESPONSES

**INTERROGATORY NO. 1:**

Fully identify each patient referred to by initials in paragraphs 76, 91, 100, 115, 123, 176, 186, 191, 219, 274, and 282 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 1:**

GEICO identifies each patient in the attached Appendix A, marked "Confidential."

**INTERROGATORY NO. 2:**

Identify all patients whose initial examination results, patient histories, or range of motion test results were contravened by police reports and/or hospital records as alleged in paragraphs 90, 92, 114, and 115 of the Complaint, and for each patient, specify what portions of their initial examination results, patient history, or range of motion test results are contravened by police reports and/or medical records, and identify the police report and/or hospital record that contravenes each portion.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO responds that relevant, non-privileged information sought through this Interrogatory – i.e., an exhaustive comparison of disparities between Defendants' treatment records and contemporaneous police reports and hospital records – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 3:**

Identify by patient, claim, document, and page number each example of boilerplate or identical findings as alleged in paragraphs 89, 116, 117, 118, 119, 243, and 244 of the Complaint. A proper response to this interrogatory should identify the specific language and list each occurrence.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO responds that it already has specified the boilerplate language/identical findings in paragraphs 89, 116, 117, 118, 119, 243, and 244 of the Complaint. In this context, the relevant, non-privileged information sought through this

4

Interrogatory – i.e., every instance in which the Defendants reported these boilerplate/identical "results" – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 4:**

Identify the basis for the allegation in paragraph 185 of the Complaint that "the Insured's minor accidents did not cause, and could not have caused, the Insureds to display such long-term, identical symptomatology." If the basis is the opinion of one or more individuals, provide the names and contact information for those individuals.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent that it purports to require GEICO to make expert disclosures in advance of the deadlines set forth in the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, GEICO responds that it is improbable – to the point of impossibility – that the cohort of GEICO-insured patients who supposedly received treatment from the Defendants legitimately could have presented with the substantially identical symptomatology reported by the Defendants, especially considering that – in many cases – contemporaneous police reports, hospital records, and other materials indicate that the insureds' accidents were very minor and caused no serious injuries. GEICO reserves its right to amend or supplement this response as discovery proceeds.

**INTERROGATORY NO. 5:**

Identify the basis for the allegation in paragraph 193 of the Complaint that the presenting problems of Insureds "either had completely resolved by the time of the purported follow-up examinations, or else had resolved to the point where they were minimal." If the basis is the opinion of one or more individuals, provide the names and contact information for those individuals.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO

further objects to this Interrogatory to the extent that it purports to require GEICO to make expert disclosures in advance of the deadlines set forth in the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, GEICO responds that to the limited extent that the Insureds in the claims identified in Exhibit "1" had any presenting problems at all as the result of their automobile accidents, the problems virtually always were low severity soft tissue injuries such as sprains and strains. Soft tissue injuries such as sprains and strains virtually always resolve after a short course of conservative treatment, or no treatment at all. By the time the Insureds in the claims identified in Exhibit "1" presented to RES for the putative follow-up examinations – typically weeks or even months after their accidents – the Insureds either did not have any genuine presenting problems at all as the result of their automobile accidents, or their presenting problems were minimal. GEICO reserves its right to amend this response as discovery proceeds.

**INTERROGATORY NO. 6:**

Identify each claim submitted by Defendants which GEICO alleges sought payment for services performed by independent contractors as alleged in paragraph 298 of the Complaint. For each claim, identify the individual alleged to be an independent contractor and the services that individual performed.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO alleges that each claim submitted by the Defendants for services allegedly performed by Hart sought payment for services performed by an independent contractor. GEICO further responds that the remaining relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel. GEICO reserves its right to amend this response as discovery proceeds.

**INTERROGATORY NO. 7:**

Identify every group of two or more patients who presented "on or about the same date after their accidents with substantially similar symptomology" as alleged in paragraphs 121, 122, 123, and 124 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO further responds that relevant, non-privileged information sought through this Interrogatory – i.e., instances in which two or more insureds who had been involved in the same accident were reported by the Defendants to have substantially similar symptomology – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged

with Defendants' counsel. In addition, GEICO responds that the patients identified by their initials in paragraph 123 of the Complaint are identified by their full names in Appendix A, submitted herewith. GEICO reserves its right to amend this response as discovery proceeds.

**INTERROGATORY NO. 8:**

Identify each Insured who "did not, and could not have, sustained any injuries in their automobile accident that would warrant" the prescriptions written by Defendants as alleged in paragraph 280 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent that it purports to require GEICO to make expert disclosures in advance of the deadlines set forth in the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, GEICO responds that the GEICO insureds identified by their initials in paragraph 281 of the Complaint, and by name in Appendix A, did not sustain injuries in their accidents that warranted the prescriptions written by Defendants. GEICO reserves its right to amend this response as discovery proceeds.

**INTERROGATORY NO. 9:**

Identify each insured who was prescribed "narcotics and other habit forming drugs…despite clear indications that the Insureds had drug problems, were not taking the drugs as prescribed, or were diverting the drugs" as alleged in paragraphs 281, 282, 283 and 284 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent that it purports to require GEICO to make expert disclosures in advance of the deadlines set forth in the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, GEICO responds that the GEICO insureds identified by their initials in paragraphs 281-284 of the Complaint, and by name in Appendix A, were prescribed narcotics and other habit forming drugs despite clear indications that the Insureds had drug problems, were not taking the drugs as prescribed, or were diverting the drugs. GEICO reserves its right to amend this response as discovery proceeds.

**INTERROGATORY NO. 10:**

Identify each statement or representation made by Defendants in any patient record or claim which Plaintiffs allege was knowingly false or a misrepresentation, as alleged in paragraphs 75, 101, 102, 103, 113, 146, 147, 164, 175, 177, 178, and 179 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, Plaintiffs respond that they allege that all of the HCFA-1500 forms and treatment reports submitted or caused to be submitted by the Defendants to GEICO contained deliberate falsehoods or misrepresentations, as detailed in the Complaint.

**INTERROGATORY NO. 11:**

Identify specifically each fact Defendants "knowingly misrepresented and concealed" as alleged in paragraphs 312 and 313 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, Plaintiffs respond that they allege that all of the HCFA-1500 forms and treatment reports submitted or caused to be submitted by the Defendants to GEICO contained deliberate falsehoods or misrepresentations. In particular, and as set forth in exacting detail in GEICO's Complaint:

    (i)    The HCFA-1500 forms and treatment reports submitted by and on behalf of the Defendants uniformly misrepresented to GEICO that the "Fraudulent Services "– as that terms is defined in the Complaint – were medically necessary and, in many cases, misrepresented to GEICO that the Fraudulent Services actually were

11

      performed. In fact, the Fraudulent Services were not medically necessary, in many cases were not actually performed, and were performed – to the extent that they were performed at all – pursuant to predetermined fraudulent protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subjected to them.

(ii)      The HCFA-1500 forms and treatment reports submitted by and on behalf of the Defendants uniformly misrepresented and exaggerated the level of the Fraudulent Services and the nature of the Fraudulent Services that purportedly were provided.

(iii)      With respect to services performed by individuals other than Strut, the HCFA-1500 forms and treatment reports submitted by and on behalf of the Defendants misrepresented to GEICO that the RES was eligible to receive No-Fault Benefits pursuant to Insurance Law § 5102(a)(1) and 11 N.Y.C.R.R. § 65-3.11 for the services that supposedly were performed. In fact, RES was not eligible to seek or pursue collection of No-Fault Benefits for the services that supposedly were performed because the services were not provided by RES's employees.

**INTERROGATORY NO. 12:**

Identify all individual patients for whom Defendants provided "phony extremity, neck and/or back soft tissue injury 'diagnoses'" as alleged in paragraph 142 of the Complaint, and specifically identify which diagnoses you allege to be "phony".

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO

further objects to this Interrogatory to the extent that it purports to require GEICO to make expert disclosures in advance of the deadlines set forth in the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, GEICO is of the information and belief that all of the Defendants' soft tissue injury "diagnoses" were phony, in light of the duplicative, boilerplate, and impossible examination "results" reported by the Defendants, as well as the other issues described in detail in GEICO's Complaint. The remaining information sought through this Interrogatory – i.e., a list of the GEICO-insured patients who received these allegedly-phony "diagnoses" from the Defendants – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel. GEICO reserves the right to amend this response as discovery proceeds.

**INTERROGATORY NO. 13:**

Identify, by patient and date of service, each follow-up examination which was "medically unnecessary" and was "not [performed] to treat or otherwise benefit the Insureds who were subjected to them" as alleged in paragraph 163 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this

Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent that it purports to require GEICO to make expert disclosures in advance of the deadlines set forth in the Federal Rules of Civil Procedure.

Subject to and without waiving these objections, none of the supposed follow-up examinations that the Defendants purported to provide to GEICO insureds were medically necessary, and none of them were performed to treat or otherwise benefit the Insureds who were subjected to them. GEICO further responds that the remaining relevant, non-privileged information sought through this Interrogatory – such as the names of the GEICO insureds who supposedly received follow-up examinations from the Defendants – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel. GEICO reserves its right to amend this response as discovery proceeds.

**VERIFICATION**

      I hereby certify that I have read the foregoing responses to interrogatories and that said responses are true and correct.

                                                            /s/ Courtney Wolfe
                                                                  Courtney Wolfe

Dated:  Uniondale, New York
          July 15, 2020

                                        RIVKIN RADLER LLP

                             By:    /s/ Joshua D. Smith
                                        Barry Levy, Esq.
                                        Max Gershenoff, Esq.
                                        Joshua D. Smith, Esq.
                             926 RXR Plaza
                             Uniondale, New York 11556-0926
                             Telephone:   (516) 357-3000
                             Facsimile:    (516) 357-3333
                             *Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company*

16

# Appendix A
# Confidential

Paragraph 76 – ██████████████████████████████
████████████████████████████████████████████
████████████████████████████

Paragraph 91 – ██████████████████████████████
████████████████████████████████████

Paragraph 100 – █████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████

Paragraph 115 – █████████████████████████████
██████████████████████████████████████

Paragraph 123 – █████████████████████████████
████████████████████████████████████████████

Paragraph 176 – █████████████████████████████
████████████████████████████████████████████
█████████

Paragraph 186 – █████████████████████████████
████████████████████

Paragraph 191 – █████████████████████████████
██████████████████████████████

Paragraph 219 – █████████████████████████████
██████████████████████████████████████

Paragraph 274 – █████████████████████████████
██████████████████████████████████████████

Paragraph 282 – █████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████