# Exhibit D

# Plaintiffs' Response to Defendant RES's First Set of Interrogatories

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and  GEICO CASUALTY CO.,                                          Docket No.:
                                                                          19-cv-00728 (JLS)(HBS)
                                    Plaintiffs,

        -against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUTSOVSKIY,
M.D., RES PHYSICAL MEDICINE & REHABILITATION
SERVICES, P.C., and CHERYLE HART, M.D.

                                    Defendants.
------------------------------------------------------------------------X

Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), by and through their counsel, Rivkin Radler LLP, as and for their responses to the First Set of Interrogatory Demands to Plaintiffs (the "Interrogatories") from Defendant RES Physical Medicine & Rehabilitation Services, P.C., set forth, upon information and belief, as follows:

## **PRELIMINARY STATEMENT**

The responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding party.  GEICO reserves the right to use evidence, facts, and testimony that are subsequently discovered, developed, or analyzed.  GEICO also reserves the right to amend, modify, or supplement these responses up to and including the time of trial.

## GENERAL OBJECTIONS

1. Plaintiffs generally object to each Interrogatory to the extent that it is overly broad and unduly burdensome, calls for information without reasonable particularization or specificity, or otherwise is vague and ambiguous.

2. Plaintiffs object to each Interrogatory on the ground and to the extent that it may be construed to call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege.

3. Plaintiffs object to each Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, and/or not proportional to the needs of the case.

4. Plaintiffs object to each Interrogatory to the extent that it seeks confidential commercial information, trade secrets, or proprietary information.

5. Plaintiffs object to each Interrogatory to the extent that it is unduly harassing, burdensome, or oppressive.

6. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is not within Plaintiffs' knowledge.

7. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information within the knowledge of Defendants, other parties or non-parties.

8. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is cumulative or duplicative of other requests for disclosure of information.

10. Plaintiffs object to the definitions and instructions in the Interrogatories to the extent they exceed the requirements of, conflict with, or seek to impose a greater duty on Plaintiffs than is required by the Federal Rules of Civil Procedure, Local Civil Rules, or other applicable rules and law.

11. Plaintiffs object to each Interrogatory to the extent that it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery.

12. Plaintiffs have not yet completed discovery in this action and therefore, to the extent applicable, reserves the right to amend or supplement its objections and responses upon completion of such discovery.

13. Plaintiffs object to each Interrogatory to the extent that any such Interrogatory or its subparts improperly exceeds the maximum number of Interrogatories permitted by the Federal Rules of Civil Procedure.

14. To the extent Plaintiffs are producing documents, it does so without deeming them to be adoptive admissions of the information or opinions contained therein.

## RESPONSES

**INTERROGATORY NO. 1:**

Set out and explain the basis for the allegation that Defendant RES's counterclaim "fails to state a cause of action upon which relief can be granted" as alleged in Plaintiffs' First Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in

anticipation of litigation.  GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.  GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

**INTERROGATORY NO. 2:**

Identify what acts or omissions of Defendants support the allegation that the counterclaim of Defendant RES is barred by the doctrine of unclean hands as alleged in Plaintiffs' Second Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation.  GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.  GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

Subject to and without waiving these objections, the fraudulent scheme that is alleged in detail in GEICO's Complaint supports "the allegation that the counterclaim of Defendant RES is barred by the doctrine of unclean hands".

**INTERROGATORY NO. 3:**

Set out and explain the basis of the allegation that Defendant RES lacks standing to make its counterclaim as alleged in Plaintiffs' Third Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

**INTERROGATORY NO. 4:**

Specifically identify the "improper, fraudulent, and illegal acts" committed by Defendants as alleged in Plaintiffs' Fourth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

Subject to and without waiving these objections, the fraudulent scheme that is alleged in detail in GEICO's Complaint constitutes the "improper, fraudulent, and illegal acts" committed by Defendants.

**INTERROGATORY NO. 5:**

Set out and explain the basis for the allegation that the acts identified in response to Interrogatory No. 4 serve to bar Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

**INTERROGATORY NO. 6:**

Set out and explain the basis for the allegation that Defendant RES is estopped from recovering on its counterclaim as alleged in Plaintiffs' Fifth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

**INTERROGATORY NO. 7:**

Specifically identify each of Defendants' "acts of self-dealing" as alleged in Plaintiffs' Sixth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO responds that the Defendants acts of self-dealing include falsely diagnosing GEICO insureds with continuing injuries as the result of automobile accidents, and recommending and purporting to perform medically unnecessary "treatments" based on those false diagnoses, in order to generate fraudulent no-fault insurance billing.

**INTERROGATORY NO. 8:**

Set out and explain the basis for the allegation that the acts identified in response to Interrogatory No. 6 serve to bar Defendant RES's counterclaim as alleged in Plaintiffs' Sixth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague,

overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

**INTERROGATORY NO. 9:**

Specifically identify every instance in which Defendants violated New York State law as alleged in Plaintiffs' Seventh Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

Subject to and without waiving these objections, every fraudulent bill that the Defendants submitted to GEICO pursuant to the fraudulent scheme detailed in the Complaint constituted a separate violation of New York law. GEICO reserves its right to amend or supplement its response to this Interrogatory as discovery proceeds.

**INTERROGATORY NO. 10:**

Set out and explain the basis for the allegation that Defendant RES may not recover attorneys' fees under New York Law as alleged in Plaintiffs' Eighth Affirmative Defense to Defendant RES's counterclaim.

8

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory inasmuch as it seeks a legal opinion.

**INTERROGATORY NO. 11:**

Specifically identify each instance where Defendants "engaged in fraudulent conduct and made material misrepresentations" as alleged in Plaintiffs' Ninth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO responds that it has detailed numerous of the Defendants' misrepresentations and fraudulent conduct in the Complaint. GEICO reserves its right to amend or supplement its response to this Interrogatory as discovery proceeds.

**INTERROGATORY NO. 12:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each treatment rendered by Defendants which is alleged to have been "not medically necessary and/or appropriate under the circumstances, nor…reasonable and customary within the profession given the condition of the Defendants' assignors" as alleged in Plaintiffs' Tenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections, GEICO objects to this Interrogatory to the extent it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation. GEICO further objects to this Interrogatory on the basis that it is vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery.

Subject to and without waiving these objections, GEICO responds that it alleges that none of the Defendants' purported "treatments" were medically necessary or appropriate. GEICO further responds that the remaining non-privileged information sought through this Interrogatory – i.e., the names of the patients and dates of service at issue – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for

inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 13:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each service rendered by Defendants which was "not causally related to the use or operation of a motor vehicle" as alleged in Plaintiffs' Eleventh Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure.

**INTERROGATORY NO. 14:**

Specifically identify, for every claim which is a subject of Defendant RES's counterclaim, each act or omission of Defendants which constitutes a "fail[ure] to comply with the terms and conditions of the insurance policies under which the claims have been submitted" as alleged in Plaintiffs' Twelfth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory as vague and unduly burdensome, inasmuch as Defendants have not identified "every claim which is a subject of Defendant RES's counterclaim".

11

**INTERROGATORY NO. 15:**

Identify, by patient, claim, and date of request, each of "Plaintiffs' requests for additional verification in the form of documentation and/or an examination under oath" with which Defendants failed to comply as alleged in Plaintiffs' Thirteenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 15:**

GEICO responds that relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 16:**

Specifically identify each act or omission of Defendants which Plaintiffs allege to be a "violation of material licensing laws, including but not limited to Business Corporation Law of the State of New York, the Public Health Law of the State of New York and/or the Education Law of the State of New York" as alleged in Plaintiffs' Fourteenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory in that it requests a legal opinion and conclusion.

**INTERROGATORY NO. 17:**

For each act or omission identified in response to Interrogatory No. 13, identify specifically the provision of law which Plaintiffs allege the act or omission violates.

12

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory in that it requests a legal opinion and conclusion. GEICO further objects to this Interrogatory in that it is vague. Specifically, Plaintiffs do not know what "act or omission identified in response to Interrogatory No. 13" Defendants are referring to.

**INTERROGATORY NO. 18:**

Set out and explain the basis for the allegation that Defendants "are not legally authorized to render, bill for, or recover for health services in New York; and are otherwise ineligible for reimbursement pursuant to 11 N.Y.C.R.R. Section 65-3.16(a)(12)" as alleged in Plaintiffs Fourteenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO further objects to this Interrogatory in that it requests a legal opinion and conclusion.

**INTERROGATORY NO. 19:**

Specifically identify each "kickback arrangement," instance of "illegal fee splitting," or "unlawful referral arrangement" Defendants engaged in as alleged in Plaintiffs' Fifteenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO reserves its right to amend its response to this Interrogatory as discovery proceeds.

**INTERROGATORY NO. 20:**

For each "kickback arrangement," instance of "illegal fee splitting," or "unlawful referral arrangement" identified in response to Interrogatory No. 16, identify the individuals or entities alleged to have been involved. If any individuals or entities identified are alleged to have been acting on behalf of any other individuals or entities, a proper response to this interrogatory will specifically identify those other individuals or entities.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO reserves its right to amend its response to this Interrogatory as discovery proceeds.

**INTERROGATORY NO. 21:**

For each individual or entity identified in response to Interrogatory No. 17, provide any contact information known to Plaintiffs, including identification of an individual's employer.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO reserves its right to amend its response to this Interrogatory as discovery proceeds.

**INTERROGATORY NO. 22:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each service which "Defendants misrepresented and exaggerated the level and type of services purportedly provided to the Defendants' assignors" as alleged in Plaintiffs' Sixteenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state

facts prior to the conclusion of discovery. Subject to and without waiving these objections, GEICO responds that – in all of the claims identified in Exhibit "1" to the Complaint – the Defendants misrepresented and exaggerated the level and type of services purportedly provided to the Defendants' assignors. Subject to and without waiving these objections, GEICO responds that it alleges that none of the Defendants' purported "treatments" were medically necessary or appropriate. GEICO further responds that the remaining non-privileged information sought through this Interrogatory – i.e., the names of the patients and dates of service at issue – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 23:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each service for which "Defendants do not have valid assignments under which they have legal rights to initiate a claim against Plaintiffs" as alleged in Plaintiffs' Seventeenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. GEICO reserves its right to amend its response to this Interrogatory as discovery proceeds.

**INTERROGATORY NO. 24:**

Specifically identify, by patient, date of service, and service for which a claim was submitted, each fee Plaintiffs allege was not "charged in accordance with the workers' compensation fee schedule pursuant to Section 5108 of New York State's Insurance Law and/or Regulation 83" as alleged in Plaintiffs' Eighteenth Affirmative Defense to Defendant RES's counterclaim.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to the General Objections, GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery. Subject to and without waiving these objections, GEICO responds that none of the Defendants' purported services were charged to GEICO in accordance with the workers' compensation fee schedule pursuant to Section 5108 of New York State's Insurance Law and/or Regulation 83. GEICO further responds that the remaining non-privileged information sought through this Interrogatory – i.e., the names of the patients and dates of service at issue – may be discerned from a review of GEICO's no-fault claims files, and the burden of reviewing the claims files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants.  Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel. GEICO reserves its right to amend its response to this Interrogatory as discovery proceeds.

## **VERIFICATION**

I hereby certify that I have read the foregoing responses to interrogatories and that said responses are true and correct.

*/s/ Courtney Wolfe*
Courtney Wolfe

Dated: Uniondale, New York
July 15, 2020

RIVKIN RADLER LLP

By: */s/ Joshua D. Smith*
Barry Levy, Esq.
Max Gershenoff, Esq.
Joshua D. Smith, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:   (516) 357-3000
Facsimile:    (516) 357-3333
*Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company*