# Exhibit E

# Plaintiffs' Response to Defendant Strut's First Set of Interrogatories

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO., GEICO
INDEMNITY CO., GEICO GENERAL INSURANCE
COMPANY and  GEICO CASUALTY CO.,                                          Docket No.:
                                                                          19-cv-00728 (JLS)(HBS)
                        Plaintiffs,

     -against-

MIKHAIL STRUT, M.D. a/k/a MIKHAIL STRUTSOVSKIY,
M.D., RES PHYSICAL MEDICINE & REHABILITATION
SERVICES, P.C., and CHERYLE HART, M.D.

                       Defendants.
------------------------------------------------------------------------X

      Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs"), by and through their counsel, Rivkin Radler LLP, as and for their responses to the First Set of Interrogatory Demands to Plaintiffs (the "Interrogatories") from Defendant Mikhail Strut, M.D. a/k/a Mikhail Strutsovskiy, M.D., set forth, upon information and belief, as follows:

## PRELIMINARY STATEMENT

      The responses contained herein are based only upon such information and documents which are presently available to and specifically known to the responding party.  GEICO reserves the right to use evidence, facts, and testimony that are subsequently discovered, developed, or analyzed.  GEICO also reserves the right to amend, modify, or supplement these responses up to and including the time of trial.

## GENERAL OBJECTIONS

      1.     Plaintiffs generally object to each Interrogatory to the extent that it is overly broad and unduly burdensome, calls for information without reasonable particularization or specificity, or otherwise is vague and ambiguous.

2. Plaintiffs object to each Interrogatory on the ground and to the extent that it may be construed to call for information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege.

3. Plaintiffs object to each Interrogatory to the extent it may be construed to call for information not relevant to the subject matter of this litigation, and/or not proportional to the needs of the case.

4. Plaintiffs object to each Interrogatory to the extent that it seeks confidential commercial information, trade secrets, or proprietary information.

5. Plaintiffs object to each Interrogatory to the extent that it is unduly harassing, burdensome, or oppressive.

6. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is not within Plaintiffs' knowledge.

7. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information within the knowledge of Defendants, other parties or non-parties.

8. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

9. Plaintiffs object to each Interrogatory to the extent that it seeks disclosure of information that is cumulative or duplicative of other requests for disclosure of information.

10. Plaintiffs object to the definitions and instructions in the Interrogatories to the extent they exceed the requirements of, conflict with, or seek to impose a greater duty on Plaintiffs than is required by the Federal Rules of Civil Procedure, Local Civil Rules, or other applicable rules and law.

11. Plaintiffs object to each Interrogatory to the extent that it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the completion of discovery.

12. Plaintiffs have not yet completed discovery in this action and therefore, to the extent applicable, reserves the right to amend or supplement its objections and responses upon completion of such discovery.

13. Plaintiffs object to each Interrogatory to the extent that any such Interrogatory or its subparts improperly exceeds the maximum number of Interrogatories permitted by the Federal Rules of Civil Procedure.

14. To the extent Plaintiffs are producing documents, it does so without deeming them to be adoptive admissions of the information or opinions contained therein.

## RESPONSES

**INTERROGATORY NO. 1:**

Identify each individual who has, at GEICO's request or direction, reviewed information and/or documents related to the medical treatment referenced in the complaint provided to GEICO insureds by Defendants. Include the names of GEICO employees and contractors.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such

3

individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 2:**

If any individual identified in Interrogatory No. 1, provided an opinion as to whether the treatment provided was medically necessary and appropriate state each individual's education, medical training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the

4

allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 3:**

If any individual identified in Interrogatory No. 1, provided an opinion as to whether the treatment provided was properly coded for purposes of reimbursement state each individual's education or training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to

5

call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 4:**

If any individual identified in Interrogatory No. 1, provided an opinion as to whether the injuries listed as having been sustained or the symptoms were causally related to an automobile accident state each individual's education, training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of

litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 5:**

In regard to those individuals identified in Interrogatory No. 1, state each individual's medical training, other basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product

doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation.  GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure.  GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents.  GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants.  Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 6:**

Identify each individual who has, at GEICO's request or direction, reviewed bills submitted by Defendants to GEICO for services rendered to GEICO insureds, and/or other information and/or documents related to those bills, and expressed an opinion on the propriety and accuracy of those bills.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome.  GEICO further objects to this Interrogatory on the ground

that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 7:**

In regard to those individuals identified in Interrogatory No. 3, state each individual's basis for expertise, and/or any other information about the individual that would make such individual's opinion credible and reliable.

9

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure. GEICO further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

10

**INTERROGATORY NO. 8:**

Identify each individual whose opinion Plaintiffs relied upon in alleging that Defendants were engaged in fraudulent activity regarding treatment of GEICO insureds and subsequent billing to Plaintiffs.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects that, to the extent that this Interrogatory may be construed to call for the identities of any experts with whom GEICO's counsel consulted regarding the allegations in the Complaint, GEICO has not yet determined whether it intends to call any such individuals to testify at trial and, in the interim, the identities of any such experts and the content of any such discussions are privileged from disclosure.

**INTERROGATORY NO. 9:**

Identify each individual GEICO insured, for whom Defendants submitted bills to GEICO for medical services rendered, who has suggested to GEICO that the services billed for were unnecessary, improperly rendered, or not actually provided.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. GEICO further objects to this Interrogatory on the ground that it seeks to discover information protected by the attorney-client privilege and/or work product doctrine and seeks to discover information that constitutes material prepared in anticipation of litigation. GEICO further objects to this Interrogatory to the extent it suggests that Defendants actually rendered any legitimate medical services to GEICO insureds.

Subject to and without waiving these objections, GEICO responds that the relevant, non-privileged information sought through this Interrogatory may be discerned from a review of GEICO's no-fault claims files and special investigations unit files, and the burden of reviewing the claims files and special investigations unit files to ascertain or derive an answer to this Interrogatory will be substantially the same for GEICO and for the Defendants. Accordingly, pursuant to Fed. R. Civ. P. 33(d), GEICO will produce and/or make available for inspection its no-fault claims files and special investigation unit files, redacted to exclude any privileged material, on a date and time to be arranged with Defendants' counsel.

**INTERROGATORY NO. 10:**

Set out, describe, and explain the process by which Plaintiffs analyze no-fault billings and determine whether a bill should be paid, reduced, or challenged in its entirety, including the process for determining whether a bill should be investigated as fraudulent.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. Defendants request improperly seeks an extended narrative description of a very broad and inchoate topic.

**INTERROGATORY NO. 11:**

Set out, describe, and explain the process by which Plaintiffs investigate bills they believe may be fraudulent, including investigations targeting all bills from a certain individual medical provider or medical corporation.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague, overly broad, and unduly burdensome. Defendants request improperly seeks an extended narrative description of a very broad and inchoate topic. GEICO further objects on the basis of irrelevance.

In particular, it is unclear why all of GEICO's investigative processes – around the country – would be relevant and proportional to the claims and defenses in this case.

**INTERROGATORY NO. 12:**

In regard to the responses to Interrogatories No. 9 and No. 10, identify any deviations from that normal process which have been taken regarding bills submitted by Defendants.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections, GEICO objects to this Interrogatory as being vague. GEICO does not know what Defendants mean by "deviations from that normal process". Nor does GEICO know how this Interrogatory is supposed to relate to Interrogatory No. 9.

**VERIFICATION**

I hereby certify that I have read the foregoing responses to interrogatories and that said responses are true and correct.

/s/ *Courtney Wolfe*
Courtney Wolfe

Dated: Uniondale, New York
July 15, 2020

RIVKIN RADLER LLP

By: /s/ *Joshua D. Smith*
Barry Levy, Esq.
Max Gershenoff, Esq.
Joshua D. Smith, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone: (516) 357-3000
Facsimile: (516) 357-3333
*Counsel for Plaintiffs, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company*