# Exhibit G

November 3, 2020 letter from Defendants' counsel to Plaintiffs' counsel laying out all outstanding discovery issues

**The Knoer Group, PLLC**
424 Main Street, Suite 1820
Buffalo, New York 14202

(716) 332-0032
www.knoergroup.com

**Robert E. Knoer, Esq.**
rknoer@knoergroup.com

November 3, 2020

**VIA EMAIL**

Max Gershenoff, Esq.
Joshua D. Smith, Esq.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556

              Re:    *GEICO v. Strut et al*
                    Docket No. 19-cv-00728 (JLS)(HBS)
                    Our File No. 02-2280

Counselors,

      Defendants have significant objections to your responses to Defendants' First Request for Documents, Mikhail Strut, M.D.'s First Set of Interrogatory Demands, Cheryle Hart, M.D.'s First Set of Interrogatory Demands, and RES Physical Medicine & Rehabilitation Services, P.C.'s First Set of Interrogatory Demands.

      Thank you for making time on August 20, 2020 as well as on October 9, 2020 to discuss these objections. As per our discussion on October 9th, Defendants are willing to limit Requests for Documents Nos. 9, 10, and 12, seeking documents related to GEICO's internal practices and procedures which you have referred to as "the claims manual," to those that were applicable to the claims filed by RES which are the subject of the Complaint. We understand that you will confer with your client to confirm that they are willing to turn over those documents.

      You advised during our discussion on October 9, 2020 that you believe GEICO has turned over all of its Special Investigation Unit (SIU) files. Defendants noted that there appear to be no SIU files relevant to the time period of November 1, 2017 through present. You advised that you will confirm that this is correct. Defendants also noted that certain "test recordings" and a WPL file indicating the existence of a playlist of audio files were turned over as part of the SIU file, but no audio files containing relevant information. You have since provided additional audio recordings. In addition, you advised that you will confirm that GEICO did not make any reports to New York State pursuant to NY Ins. L § 405 and/or 11 N.Y.C.R.R § 86 et al from November 1, 2017 through present.

As discussed, Defendants will be making a motion to compel to resolve the outstanding disagreements. These issues are further laid out below.

**FRCP Rule 33(d)**

Defendants object to Plaintiffs' reference to F.R.C.P. Rule 33(d) in response to Dr. Hart's Interrogatories Nos. 2, 3, 6, 7, 12, and 13, and RES's Interrogatories Nos. 12, 15, 22, and 24. Each of those interrogatories asks that Plaintiffs identify the factual basis for their allegations, either by identifying certain patients, dates of service, portions of medical or other records, or other underlying facts. These details are necessary for Defendants to properly understand and defend against the allegations in the Complaint.

A party may not answer an interrogatory by reference to business records under Rule 33(d) unless the burden of review would be substantially the same to either party. F.R.C.P. R. 33(d). Here, the burden of review is inherently greater for Defendants because Plaintiffs have already reviewed all documents in question in order to form the basis for their allegations. Where the responding party already reviewed its business records in preparation for litigation, R. 33(d) is unavailable. *See West's Federal Forms*, 3A FEDFORMS § 24:17; *see also JS. V. Attica Cent. Schools*, 2008 WL 2986388 (WDNY 2008). This is certainly the case for responding to contention interrogatories, as Plaintiffs have classified them. "[Rule 33(d)] is not available in response to contention interrogatories, for the purpose of such questions is to elicit the contentions of the responding party and only that party can identify the documents it contends support its contentions." Wright & Miller, FPP § 2178.

Defendants do not object to Plaintiffs' use of Rule 33(d) in response to Dr. Strut's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, and 9 and accept Plaintiff's assertion that the names of the individuals sought in the interrogatories are easily ascertainable from a review of certain documents. However, Plaintiffs' reference to "GEICO's no-fault claims files" and "GEICO's no-fault claims files and special investigation unit files" are unacceptably vague. A proper response should specify documents or ranges of documents by Bates number and/or otherwise describe the documents and the location of the responsive information.

**Confidentiality, trade secrets, and proprietary information**

Plaintiffs assert as a general objection to all interrogatories from each Defendant that "Plaintiffs object to each Interrogatory to the extent that it seeks confidential commercial information, trade secrets, or proprietary information." Plaintiffs also state in response to Defendants Document Requests No. 24 and 25 that responsive documents will be produced "subject to an appropriate confidentiality agreement.

The Court has entered a Joint Protective Order (Dkt. 61) addressing confidentiality. If Plaintiffs do not believe the present order provides sufficient protection, that order may be modified upon good cause shown. Plaintiffs' objections do not assert any basis for withholding

documents or requiring additional confidentiality protections. Defendants are willing to discuss a modification or an additional confidentiality agreement if Plaintiffs can show that one is necessary.

If Plaintiffs intend to withhold or redact any documents based on confidentiality, confidential commercial information, trade secrets, or proprietary information, Plaintiffs must provide a privilege log specifically identifying the documents and information withheld and/or redacted by date of creation, date(s) of revision, and identification of all authors, drafters, signators, addressees, and other recipients, identifying all other documents associated by reference or attachment, describing the information contained in a withheld document or the information redacted from a partially-produced document, and asserting the specific basis for withholding or redaction.

**Contention Interrogatories**

Plaintiffs object to Dr. Hart's Interrogatories Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 and RES's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, and 24 by asserting "GEICO objects to this Interrogatory inasmuch as it is in the nature of a contention interrogatory, and improperly requires GEICO to exhaustively state facts prior to the conclusion of discovery."

The referenced interrogatories are not, in fact, contention interrogatories. "Questions seeking the identification of witnesses or documents are not contention interrogatories." *EEOC v. Sterling Jewelers, Inc.*, 2012 WL 1680811 at *8 (W.D.N.Y. 2012). An interrogatory requesting that a party state the facts which support a claim does not "involve[] an opinion or contention that relates to fact or the application of law to fact." *Dot Com Entertainment Group, Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 44 (W.D.N.Y. 2008).

To the extent that any of the interrogatories are properly considered contention interrogatories, Defendants reject Plaintiffs' response. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." F.R.C.P. R. 33(a)(2). Unless and until directed otherwise by the Court, Plaintiffs have a duty to respond to these interrogatories.

Defendants assert that answers to these interrogatories are proper at this early stage of discovery because they will assist in clarifying Plaintiffs' allegations and identifying witnesses without imposing undue burdens on Plaintiffs. *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 234 (E.D.N.Y. 2007). Dr. Hart's Interrogatories No. 4 and 5 are especially proper at this point as they seek information about expert analysis and this case will depend heavily upon expert testimony. *See U.S. v. Nysco Laboratories, Inc.*, 26 F.R.D. 159, 162 (E.D.N.Y. 1960).

The information requested in these interrogatories is the essential basis for Plaintiffs' allegations. Plaintiff must know the answers to these interrogatories if the Complaint complies with F.R.C.P. Rule 11(b). Should Plaintiffs later seek to assert additional factual support for their

allegations, their interrogatory responses can be amended after further discovery. However, Plaintiffs are obligated to respond to these interrogatories now to the best of their present knowledge.

**Expert Privilege**

In response to Dr. Hart's Interrogatories Nos. 4, 5, 8, 9, 12, and 13, Dr. Strut's Interrogatories Nos. 1, 2, 3, 4, 5, 6, and 7, RES's Interrogatories No. 13, and Defendants' Requests for Documents Nos. 2, 3, 4, 5, 6, 7, 8, 14, 15, 16, and 25 Plaintiffs assert that, until Plaintiffs have identified experts to be called at trial, the identities of individuals and the contents of discussions with those individuals is privileged from disclosure. Plaintiffs make a similar objection to Dr. Hart's Interrogatories Nos. 4, 5, 8, 9, 12, and 13 and Defendants' Request for Documents No. 25, objecting that Defendants seek disclosure of experts in advance of the deadlines set forth by the Federal Rules of Civil Procedure.

Defendants reject this improper application of F.R.C.P. R. 26(b)(4). An individual can only be designated as a non-testifying expert if they are "retained or specially employed by another party in anticipation of litigation or to prepare for trial." F.R.C.P. R. 26(b)(4)(D). Plaintiffs' employees who review claims submitted by Defendants in the regular course of business are not "retained or specially employed…in anticipation or to prepare for trial." These individuals are the type of "…expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transaction or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Wright & Miller, FPP § 2033, citing Advisory Committee Note to 1970 Amendments. "The assumption seems to have been that all regular employees of a party should be viewed as fact witnesses whose information, including expert insights, was not acquired in anticipation of litigation." Id.

**Work Product**

In response to Dr. Hart's Interrogatories Nos. 4, 5, 6, 8, 9, 12, and 13, Dr. Strut's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, and 9, RES's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, and Defendants' Requests for Documents Nos. 2, 3, 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, and 25, Plaintiffs stated "GEICO objects to this request on the basis that it seeks to discover documentation that is protected by the attorney-client privilege and/or work product doctrine and seeks to discover documents and/or information that constitute material prepared in anticipation of litigation." Similar objections are included as general objections to all interrogatories and document requests. Plaintiffs did not state specifically whether or not any responsive documents will be withheld but stated generally that its production of relevant documents would be redacted to remove privileged information. Any documents withheld or redacted must be accompanied by an appropriate privilege log as previously noted.

Many of the interrogatories and document requests listed above concern the basis for Plaintiff's allegations. Upon information and belief, Defendants assert that responsive documents will include those associated with GEICO's initial review of Defendants' submissions, its requests

for verification, its determination to deny claims in part or in whole, and other portions of GEICO's standard business as a no-fault insurance provider. Defendants assert that none of these documents are protected as material prepared in anticipation of litigation. "Materials prepared in the ordinary course of business or pursuant to regulatory requirements or for other non-litigation purposes do not constitute documents prepared in anticipation of litigation protected by work product privilege." 2 DISCPROFED § 26:3. In the context of an insurer's review of claims submissions, "Generally, 'an investigation that is undertaken to determine whether there is coverage, whether the claim should be paid, and whether a subrogation claim could be pursued, is not undertaken in anticipation of litigation.'" *Selective Ins. Co. of America v. Swarey*, 2011 WL 240750 *1 (W.D.N.Y. 2011). Even if GEICO anticipated litigation, documents that would be created in the regular course of business are not protected. "Where a document was created because of anticipated litigation, *and would not have been prepared in substantially similar form but for the prospect of that litigation*, it falls within Rule 26(b)(3)." *U.S. v. Adlman*, 134 F.3d 1194, 1195 (2d Cir. 1998) (emphasis added).

To the extent that any documents are protected under Rule 26(b)(3), the burden is on the producing party to establish that they meet the definition of "work product" and are properly withheld from production.

Defendants previously proposed a stipulation as to attorney-client privilege which would not require the parties to produce a privilege log for documents withheld under privilege which were (a) communications exclusively between a party and its counsel, or among a party, its counsel, and a potential or identified expert witness, (b) work product created by counsel, or by an agent of counsel or thar than a party or an employee of a party after November 1, 2017, or (c) internal communications between counsel within a law firm. Based on our discussion on October 9, 2020 Plaintiffs intend to agree to that stipulation.

**Relevance**

Plaintiffs object to Dr. Strut's Interrogatory No. 11 and Defendants' Requests for Documents Nos. 9, 10, 11, 19, and 21 as seeking information not relevant to the case at hand. The interrogatory seeks a description of GEICO's standard process for investigating potential fraud. The document demands are related to GEICO's standard practices for investigation and GEICO's statutory duties under no-fault to investigate and report suspected fraud. While some objections assert that the requests have no temporal limitations, Defendants refer Plaintiffs to the General Instructions which implement a default limitation of November 1, 2017 through present. As to those documents referred to by you as "the claims manual," Defendants have agreed to limit those requests to those documents that were applicable to the claims in the complaint, based on any temporal or geographic limitations.

These documents and the information contained within and sought through Dr. Strut's Interrogatory No. 11 are directly relevant to the question of GEICO's reliance. Defendants seek information on GEICO's general practices in order to compare those general practices to GEICO's treatment of Defendants' claims. Defendants seek information on GEICO's treatment of

Defendants and Defendants' claim submission in the context of GEICO's statutory duties to investigate and report suspected fraud in order to understand GEICO's frame of mind as to Defendants and their submissions as it may have evolved during the relevant time period.

GEICO filed this lawsuit alleging fraud. GEICO's fraud investigation practices, and especially its conduct related to Defendants and GEICO's statutory duties to investigate and report fraud, are unquestionably relevant.

**Personal Addresses or Phone Numbers**

In response to Dr. Strut's Interrogatories Nos. 1, 2, 3, 4, 5, 6, and 7, Plaintiffs state "GEICO Further objects to this Interrogatory to the extent it purports to require GEICO to disclose the personal address and telephone numbers of its employees or agents. GEICO will not disclose the personal addresses and telephone numbers of its employees or agents without a Court order."

Defendants appreciate Plaintiffs' position and do not demand personal addresses or telephone numbers of any employees or agents of GEICO identified in response to those interrogatories. Defendants will accept an address for contact care of Plaintiffs' attorneys

**Unsubstantiated Objections as to Vagueness, Breadth, and Burden**

Plaintiffs object to Dr. Hart's Interrogatories Nos. 4, 5, 6, 8, 9, 12, and 13, Dr. Strut's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, RES's Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, and 17, and Defendants' Document Requests Nos. 1, 13, 19, and 21 as "vague," "overbroad," "overly broad," and/or "unduly burdensome." Plaintiffs offer no support for those assertion and do not explain why the interrogatories are "vague," "overbroad," "overly broad," and/or "unduly burdensome." Plaintiffs do not identify any specific terms or instructions they take issue with, offer a reasonable interpretation and response based on such, propose a limited response which would be more narrow and less burdensome, or give Defendants any basis upon which to determine whether Plaintiffs' objections are reasonable and valid.

F.R.C.P. R. 33(b)(4) requires that "The grounds for objecting to an interrogatory must be stated with specificity." Similarly, F.R.C.P. R. 34(b)(2)((B) requires that, if inspection or copies will not be granted as requested the response must "state with specificity the grounds for objecting to the request, including the reasons."

Defendants reject Plaintiffs' responses to the extent that objections are stated only nominally and not actually substantiated. Defendants will reconsider these objections if Plaintiffs provide reasoned, detailed, and specific explanations of their objections.

**General Objections**

Plaintiffs' general objections to each of the four discovery documents, which are incorporated into each individual response, are also rejected as insufficient. As stated above, an

objection which is not accompanied by an explanation sufficient to allow Defendants to reach a conclusion as to whether such objection is reasonable and valid must be rejected. "[I]ncorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive material are withheld on the basis of an objection." *Fischer v. Forrest*, 2017 WL 773694 at *3 (S.D.N.Y. 2017).

**F.R.C.P. R. 34(b)(2)(C)**

All objections to Defendants' Document Requests are deficient because they fail to comply with F.R.C.P. R. 34(b)(2)(C). Plaintiffs must state whether any responsive materials are being withheld on the basis of each individual objection. Plaintiffs' statements that non-privileged documents will be produced, or that documents will be produced subject to redaction, are not sufficient to "facilitate an informed discussion of the objection. An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" 2015 Adv. Comm. Notes to Rule 34. To the extent that Plaintiffs have not properly explained the basis and parameters of their objections, Plaintiffs have not satisfied F.R.C.P. R. 34(b)(2)(C).

**Overly Broad Assertions**

Several of Plaintiffs' interrogatory responses, where a response was actually provided, lack credibility. This is especially true in light of the findings of many arbitrators that at least some claims submitted by Defendants were medically necessary and properly billed.

In response to Dr. Hart's Interrogatory No. 10, Plaintiffs state "Plaintiffs respond that they allege that all of the HCFA-1500 forms and treatment reports submitted or caused to be submitted by the Defendants to GEICO contained deliberate falsehoods or misrepresentations." It is simply not credible that every single HCFA-1500 form and treatment report contained deliberate falsehoods or misrepresentations.

In response to Dr. Hart's Interrogatory No. 12, Plaintiffs state "GEICO is of the information and belief that all of Defendants' soft tissue injury 'diagnoses' were phony." It is simply not credible that not even one time during the relevant period did Defendants properly diagnose a soft tissue injury in a GEICO insured.

In response to Dr. Hart's Interrogatory No. 13, Plaintiffs state "none of the supposed follow-up examinations that the Defendants purported to provide to GEICO insureds were medically necessary, and none of them were performed to treat or otherwise benefit the Insureds who were subjected to them." It is simply not credible that not even one follow-up examination was medically necessary and not even one follow up examination was performed for the treatment or benefit of the patient.

In response to RES's Interrogatory No. 12, as well as in response to RES's Interrogatory No. 22, Plaintiffs state "GEICO responds that it alleges that none of the Defendants' purported 'treatments' were medically necessary or appropriate." It is simply not credible that not one single treatment provided by Defendants was medically necessary and appropriate, especially since GEICO has not asserted a medical necessity defense to every claim that has gone to arbitration.

In response to RES's Interrogatory No. 22, Plaintiffs state "GEICO responds that – in all of the claims identified in Exhibit '1' to the Complaint – the Defendants misrepresented and exaggerated the level and type of services purportedly provided to the Defendants' assignors." It is simply not credible that every single claim submitted misrepresented and exaggerated the level and type of services purportedly provided.

In response to RES's Interrogatory No. 24, Plaintiffs state "GEICO responds that none of the Defendants' purported services were charged to GEICO in accordance with the workers' compensation fee schedule pursuant to Section 5108 of New York State's Insurance Law and/or Regulation 83." It is simply not credible that not a single service was correctly charged, especially since GEICO has not asserted an improper fee schedule defense to every claim that has gone to arbitration.

### **Insufficient Interrogatory Responses**

Defendants reject Plaintiffs' limited responses to Dr. Hart's Interrogatories Nos. 4 and 5, and RES's Interrogatories No. 2, 4, 7, 9, and 11 as insufficient.

*Dr. Hart's Interrogatories Nos. 4 and 5*

Dr. Hart's Interrogatory No. 4 asked Plaintiffs to "Identify the basis for the allegation in paragraph 185 of the Complaint that 'the Insured's minor accidents did not cause, and could not have caused, the Insureds to display such long-term, identical symptomatology.' If the basis is the opinion of one or more individuals, provide the names and contact information for those individuals." In response, Plaintiffs state that "GEICO responds that it is improbable – to the point of impossibility – that the cohort of GEICO-insured patients who supposedly received treatment from the Defendants legitimately could have presented with the substantially identical symptomatology reported by the Defendants, especially considering that – in many cases – contemporaneous police reports, hospital records, and other materials indicate that the insureds accidents were very minor and caused no serious injuries."

Dr. Hart's Interrogatory No. 5 asked Plaintiffs to "Identify the basis for the allegation in paragraph 193 of the Complaint that the presenting problems of Insureds 'either had completely resolved by the time of the purported follow-up examinations, or else had resolved to the point where they were minimal.' If the basis is the opinion of one or more individuals, provide the names and contact information for those individuals." In response, Plaintiffs state "GEICO responds that to the limited extent that the Insureds in the claims identified in Exhibit '1' had any presenting problems at all as the result of their automobile accidents, the problems virtually always were low

severity soft tissue injuries such as sprains and strains. Soft tissue injures such as sprains and strains virtually always resolve after a short course of conservative treatment, or no treatment at all. By the time the Insureds in the claims identified in Exhibit '1' presented to RES for the putative follow-up examinations – typically weeks or even months after their accidents – the insureds either did not have any genuine presenting problems at all as the result of their automobile accidents, or their presenting problems were minimal."

Plaintiffs have provided no more than repetition of their allegations. These responses do not indicate any analysis by a medical expert or any reliance on established medical principles. The response to Dr. Hart's Interrogatory No. 4 asserts that the basis for the allegation is "improbability" but does not indicate any analysis by a statistician or any reliance on statistical principles. Plaintiffs' response indicates that these allegations are based on bare lay assumptions. Plaintiffs must provide a proper response to these interrogatories laying out the medical or statistical basis for the allegations.

*RES's Interrogatories Nos. 2, 4, and 11*

RES's Interrogatory No. 2 ask Plaintiffs to "Identify what acts or omissions of Defendants support the allegation that the counterclaim of Defendant RES is 'barred by the doctrine of unclean hands as alleged in Plaintiffs' Second Affirmative Defense to Defendant RES's Counterclaim." In response, Plaintiffs state "the fraudulent scheme that is alleged in detail in GEICO's Complaint supports 'the allegation that the counterclaim of Defendant RES is barred by the doctrine of unclean hands.'"

RES's Interrogatory No. 4 asks Plaintiffs to "Specifically identify the 'improper, fraudulent, and illegal acts' committed by Defendants as alleged in Plaintiffs' Fourth Affirmative Defense to Defendant RES's Counterclaim." In response, Plaintiffs state "the fraudulent scheme that is alleged in detail in GEICO's Complaint constitutes the 'improper, fraudulent, and illegal acts' committed by Defendants."

RES's Interrogatory No. 11 asks Plaintiffs to "Specifically identify each instance where Defendants 'engaged in fraudulent conduct and made material misrepresentations' as alleged in Plaintiffs' Ninth Affirmative Defense to Defendant RES's counterclaim." In response, Plaintiffs state "GEICO responds that it has detailed numerous of the Defendants' misrepresentations and fraudulent conduct in the Complaint."

These responses are all insufficient. Their incorporation of the allegations within the Complaint without further explanation is improper. "The function of an interrogatory in federal civil practices is to 'disclose the evidentiary basis' of a claim." *J.S. v. Attica Cent. Schools*, 2008 WL 2986388 at *4 (W.D.N.Y. 2008) (citing *Dot Com Entertainment Group, Inc. v. The Cyberbingo Corporation*, 237 F.R.D. 43, 45 (W.D.N.Y. 2006). Plaintiffs' vague allegations in the Complaint which refer to "virtually all" or "many" instances of allegedly fraudulent conduct do not offer an evidentiary basis. Defendants are entitled to a thorough explanation of Plaintiffs'

allegations, including the identification of specific acts or occurrence which Plaintiffs allege support their claims.

*RES's Interrogatories Nos. 7 and 9*

RES's Interrogatory No. 7 asks Plaintiffs to "Specifically identify each of Defendants' 'acts of self-dealing' as alleged in Plaintiffs' Sixth Affirmative Defense to Defendant RES's counterclaim." In response, Plaintiffs state "GEICO responds that Defendants acts of self-dealing include falsely diagnosing GEICO insureds with continuing injuries as the result of automobile accidents, and recommending and purporting to perform medically unnecessary 'treatments' based on those false diagnoses, in order to generate fraudulent no-fault insurance billing."

RES's Interrogatory No. 9 asks Plaintiffs to "Specifically identify every instance in which Defendants violated New York State law as alleged in Plaintiffs' Seventh Affirmative Defense to Defendant RES's counterclaim." In response, Plaintiffs state "every fraudulent bill that the Defendants submitted to GEICO pursuant to the fraudulent scheme detailed in the Complaint constituted a separate violation of New York law."

These responses are insufficient in that they fail to actually identify specific acts or instances. The response to RES's Interrogatory No. 7 describes categories of acts but does not identify any specific occurrences. The response to RES's Interrogatory No. 8 refers to "every fraudulent bill" but does not identify any specific individual bills that were in fact fraudulent. As noted above, Plaintiffs are required to set out the specific evidentiary basis for their allegations in response to these interrogatories.

**Other**

In response to Dr. Strut's Interrogatory No. 9, Plaintiffs state "GEICO further objects to this Interrogatory to the extent it suggests that Defendants actually rendered any legitimate medical services to GEICO insureds." This is not a proper objection to an interrogatory. Defendants read this statement as an assertion by GEICO that Defendants have never rendered any legitimate medical services to GEICO insureds. The response is in conflict with GEICO's determinations to pay some claims in part, and to deny payment for certain parts of certain claims for reasons not including a lack of medical necessity.

In response to Dr. Strut's Interrogatories No. 10 and 11, Plaintiffs state "Defendants request improperly seeks an extended narrative description of a very broad and inchoate topic." This is not a proper objection to an interrogatory. There is nothing "improper" about an interrogatory seeking a narrative description of a party's relevant internal processes. Unless Plaintiffs can provide a legal basis for refusing to answer these interrogatories, Plaintiff's response should be amended to properly respond to Dr. Strut's Interrogatories No. 10 and 11.

Dr. Strut's Interrogatory No. 12 incorrectly referred to responses to Interrogatories Nos. 9 and 10. As is clear in context, this interrogatory should have referred to Interrogatories Nos. 10

and 11. Plaintiffs also state that "GEICO does not know what Defendants mean by 'deviations form that normal process.'" Defendants are asking Plaintiffs to identify any actions or omissions related to GEICO's analysis of Defendants' submissions, determinations as to payment, and fraud investigations which differ from the standard practice as described in response to Interrogatories Nos. 10 and 11. For example, if the standard practice when a claim is received is to assign review of that claim to an employee at random, but all claims submitted by Defendants were assigned to a specific employee or group of employees, a proper response to Dr. Strut's Interrogatory No. 12 would be to indicate that instead of being randomly assigned for initial review, submissions from Defendants were intentionally directed to a designated employee or group of employees.

In response to RES's Interrogatory No. 14, Plaintiffs state "GEICO further objects to this Interrogatory as vague and unduly burdensome, inasmuch as Defendants have not identified 'every claim which is a subject of Defendant RES's counterclaim." Defendant RES's counterclaim seeks payment of all outstanding claims submitted to GEICO under NYS no-fault and not yet paid. (Dkt. 52 pg. 34-35). RES's Interrogatory No. 14 clearly asks Plaintiffs to identify the "fail[ures] to comply with the terms and conditions of the insurance policies under which the claims have been submitted" which Plaintiffs alleged in their Twelfth Affirmative Defense. As Plaintiffs have made that allegation in their Answer, Plaintiffs must be aware of which claims RES referred to in its counterclaim. Please provide a proper answer to RES's Interrogatory No. 14.

RES's Interrogatory No. 17 incorrectly referred to responses to Interrogatory No. 13. As is clear in context, this interrogatory should have referred to Interrogatory No. 16. Please provide a complete response to RES's Interrogatory No. 17.

In response to Defendants' Document Request No. 14, Plaintiffs state "GEICO further objects to this request to the extent that it purports to require GEICO to produce documents other than as they are maintained in the ordinary course of GEICO's business." It is unclear to Defendants how a request for "Copies of Plaintiffs' Special Investigation Unit or similar department or division complete physical and digital file regarding any investigation of each or all of the Defendants" would require GEICO produce documents other than as maintained in the ordinary course of business. A proper response to this Document Request would be to provide a copy of the responsive documents as they are maintained in the ordinary course of business.

November 3, 2020<br>
Max Gershenoff, Esq. et al<br>
Page 12 of 12

**Conclusion**

  As discussed, Defendants will file a motion to compel seeking the Court's assistance in resolving these outstanding disagreements no later than November 6, 2020. Should you wish to discuss any of these matters further before that time, we are available to meet and confer again.

                Very Truly Yours,

                THE KNOER GROUP, PLLC

                *s/Robert E. Knoer*

                Robert E. Knoer, Esq.

/rek
CC: RES Physical Medicine & Rehabilitation Services, P.C. (via email)
    Mikhail Strut, M.D. (via email)
    Cheryle Hart, M.D. (via email)